(No. 18818.—

JOHN KIZER *et al.* Appellants, *vs.* THE CITY OF MATTOON, Appellee.

*Opinion filed October 25, 1928—Rehearing denied Dec. 18, 1928.*

LeForgee, Black & Samuels, and Craig & Craig, for appellants.

Carus S. Icenogle, City Attorney, and Harry I. Hannah, for appellee.

Mr. Justice Heard delivered the opinion of the court:

In the circuit court of Coles county appellants, on behalf of themselves and others similarly situated, sought to enjoin the city of Mattoon from attempting to enforce an ordinance of that city which purported to regulate the keeping, storage, sale, handling and transportation of gasoline, benzine, kerosene, fuel oil, petroleum or other volatile oils within the city of Mattoon, required a permit and license therefor, and imposed a penalty for the violation of the ordinance. A bill of complaint, an amended bill of complaint, and an amendment to the amended bill, and an answer thereto, were filed. After a hearing on the issues by the court a decree was entered dismissing appellants' bill as amended for want of equity. An appeal was prayed and allowed to this court, the judge who heard the cause certifying that the validity of an ordinance was involved and that in his opinion public interests required the appeal be to this court.

It is contended by appellants that the legislature has taken the power of regulation from cities with reference to the storage, keeping and sale of gasoline, volatile oils and illuminating oils, which are attempted to be regulated by the ordinance, and has vested it in the Department of Trade and Commerce of the State, and that there was no power or authority in the city of Mattoon, at the time the ordinance was enacted, to pass the same.

Clause 65 of section 1, article 5, of the Cities and Villages act, (Smith's Stat. 1927, p. 340,) which was first enacted in 1874, gave city councils power as follows: "To regulate and prevent storage of gunpowder, tar, pitch, resin, coal oil, benzine, turpentine, hemp, cotton, nitroglycerine, petroleum, or any of the products thereof, and other combustible or explosive material and the use of lights in stables, shops, and other places, and the building of bonfires; also to regulate, restrain and prohibit the use of fireworks, firecrackers, torpedoes, Roman candles, sky-rockets, and other pyrotechnic displays."

Sections 1 and 2 of "An act to regulate the storage, transportation, sale and use of gasoline and volatile oils," in force July 1, 1919, (Laws of 1919, p. 692,) provide:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That it shall be unlawful for any person, firm, association or corporation to keep, store, transport, sell or use any crude petroleum, benzine, benzol, gasoline, naphtha, ether or other like volatile combustibles, or other compounds, in such manner or under such circumstances as will jeopardize life or property.

"Sec. 2. Except in cities or villages where regulatory ordinances upon the subject are in full force and effect the Department of Trade and Commerce shall have power to make and adopt reasonable rules and regulations governing the keeping, storage, transportation, sale or use of gasoline and volatile oils."

Section 56 of the Civil Administrative Code, (Smith's Stat. 1927, p. 2626,) which was enacted in 1921, reads:

"Sec. 56. The Department of Trade and Commerce shall have power: * * * 8. To execute and administer all laws and regulations now or hereafter enacted relating to the safety and purity of illuminating oils and gasoline."

It is appellants' contention that by the enactment of the latter sections above referred to, the legislature took from cities the power to regulate the sale and storage of gasoline, illuminating oils and volatile oils and vested the power of regulation of those commodities in the Department of Trade and Commerce, and cities, therefore, have now no authority to enact such an ordinance as the one here under consideration. The enactment and validity of the sections of the acts above quoted are not questioned, but it is contended by appellee that by the enactment of the law of July 1, 1919, (Laws of 1919, p. 692,) and of section 56 of the Civil Administrative Code, the legislature did not repeal clause 65 of section 1 of article 5 of the Cities and Villages act, and that there is not such clear repugnancy between the provisions of these laws that they cannot all be carried into effect. By clause 65 of the Cities and Villages act above quoted ample power was conferred upon the city of Mattoon to pass an ordinance such as is involved in the instant case. That clause has never been expressly repealed by the legislature, and the city still has such power if it has not been repealed by implication or the power withdrawn by the legislature. Repeal of laws by implication is not favored, and it is only where there is a clear repugnance between two laws and the provisions of both cannot be carried into effect that the later law must prevail and the former be considered repealed by implication. (*People* v. *Burke,* 313 Ill. 576.) Where two statutes are enacted which have relation to the same subject, the earlier continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former

plainly indicating an intention to repeal it, and where two acts are seemingly repugnant, they should, if possible, be so construed that the later may not operate as a repeal of the former by implication. (*Town of Ottawa* v. *County of LaSalle*, 12 Ill. 339; *Village of Glencoe* v. *Hurford*, 317 id. 203.) It is not enough to justify the inference of repeal that the subsequent statute covers some, or even all, of the questions covered by the former. There must be an irreconcilable repugnancy. While municipal ordinances must be in harmony with the general laws of the State and in case of a conflict the ordinance must give way, the mere fact that the State has legislated upon a subject does not necessarily deprive a city of power to deal with the subject by ordinance. Police regulations enacted by a city under a general grant of power may differ from those of the State upon the same subject, provided they are not inconsistent therewith. (*City of Chicago* v. *Union Ice Cream Manf. Co.* 252 Ill. 311; *City of Decatur* v. *Schlick,* 269 id. 181.) There is no such repugnancy between clause 65 of the Cities and Villages act and the sections of the Civil Administrative Code as would render the former invalid. The latter do not purport to regulate the keeping, storage, transportation, sale or use of volatile oils in all cities. There is no revision of the whole subject by these sections which evinces an intention to substitute entirely the provisions of the act of 1919 for those of the Cities and Villages act.

The power to pass ordinances such as the one here in question was delegated to cities by the State through its legislature. Where the State delegates such power to a municipality it may resume it through legislative action and thus deprive the municipality of the right to exercise it. (*City of Chicago* v. *Phœnix Ins. Co.* 126 Ill. 276; *Wilkie* v. *City of Chicago,* 188 id. 444.) Prior to July 1, 1919, the exclusive power of regulation here involved was lodged in cities and villages by virtue of clause 65 above quoted. By its act to regulate the storage, transportation, sale and

use of gasoline and other volatile oils, in force July 1, 1919, the State withdrew from municipalities this exclusive power of regulation and gave to the Department of Trade and Commerce exclusive power to make and adopt reasonable rules and regulations governing the keeping, storage, transportation, sale or use of gasoline and volatile oils, except in cities or villages where regulatory ordinances upon the subject were in full force and effect. In accordance with such authority the Department of Trade and Commerce immediately adopted and put in force on July 1, 1919, comprehensive rules and regulations on the subject which were applicable to and effective in the entire State, except in municipalities where regulatory ordinances on the subject were in full force and effect. The city of Mattoon on July 1, 1919, not having in full force and effect regulatory ordinances on the subject, its delegated power to enact such ordinances was automatically withdrawn by the State and the exclusive power to make such regulations for the city of Mattoon became vested in the Department of Trade and Commerce. The city of Mattoon having been divested of this power by the State, could not by its own action reacquire such power, but could only regain it by subsequent action on the part of the legislature. The city council at the time it adopted the ordinance in question having no power to adopt the same, it was invalid and of no effect. The circuit court therefore erred in holding it valid and in not granting the relief prayed for in appellants' amended bill of complaint.

The decree of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*