(No. 41550.—)

JOSEPH I. BROWN, JR., *et al.*, Appellants, *vs.* THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed May 28, 1969.*

502

L. Louis Karton, of Chicago, for appellants.

Raymond L. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen, Robert J. Collins, and Edmund Hatfield, Assistants Corporation Counsel, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

This case involves the constitutional validity of two Chicago ordinances regulating the possession of firearms and requiring their registration. Three individuals and a sporting goods store brought suit in the circuit court of Cook County to enjoin the City and its officials from enforcing them. On motion of defendants the complaint was stricken and the cause dismissed. Plaintiffs appeal.

The ordinances became effective April 15, 1968, and appear as Chapters 11.1 and 11.2 of the Municipal Code of Chicago. Chapter 11.1 pertains to the registration of firearms. It requires detailed records to be kept when a firearm is sold or given away, including full identification of the firearm as well as the person to whom it is sold or given. A

registration form must be completed and mailed to the office of the city collector within 48 hours. Persons who have acquired their firearms prior to the date of the ordinances are also required to register possession. The city collector is then to forward to the possessor or purchaser a registration certificate with full identifying information, which must be carried with the firearm and exhibited on request of any police officer. Certain classes of persons are declared ineligible to register, including minors under 18-years-of-age, narcotic addicts, felons, and mental defectives, and all such persons are forbidden to have firearms. Chapter 11.2, relating to the possession of guns, makes it unlawful for any person to carry a rifle, shotgun, or other firearm except in his home or place of business. The chapter is made inapplicable to peace officers and other authorized classes enumerated therein.

To sustain their charge of invalidity plaintiffs employ a "shotgun" technique, alleging a dozen different grounds therefor in addition to claiming that the ordinances will not achieve their object of reducing crime. In substance the principal contentions are that the City lacks power to legislate with regard to gun control because the State has pre-empted the field, that the ordinances violate the provision of the Federal constitution concerning the right of the people to keep and bear arms, that they are vague, confusing and inconsistent with the statute on the subject, that they unlawfully delegate legislative power to the city collector and contravene the doctrine of separation of powers, and that they constitute an unreasonable exercise of police power.

With regard to the first contention it is suggested that whatever power the City had to regulate firearms has been repealed by implication by an act effective July 1, 1968. (Ill. Rev. Stat. 1967, ch. 38, par. 83—1 *et seq.*) The argument is without merit. The statute does not require the registration of weapons, as does the Chicago registration ordi-

nance. Rather it deals with registration of the individual owner of firearms. Its declared purpose merely is "to provide a system of identifying persons who are not qualified to acquire or possess firearms and firearm ammunition * * *." (Ill. Rev. Stat. 1967, ch. 38, par. 83—1.) Unlike the registration certificate for which the ordinance provides, the identification cards required by the Act do not even refer to or identify particular weapons. There is no inconsistency or repugnancy between the two, and the legislature has not pre-empted the field of gun control. As this court said in *Kizer* v. *City of Mattoon,* 332 Ill. 545, 549: "While municipal ordinances must be in harmony with the general laws of the State and in case of a conflict the ordinance must give way, the mere fact that the State has legislated upon a subject does not necessarily deprive a city of power to deal with the subject by ordinance. Police regulations enacted by a city under a general grant of power may differ from those of the State upon the same subject, provided they are not inconsistent therewith." See, also *Chicago Cosmetic Co.* v. *City of Chicago,* 374 Ill. 384.

Also invoked is the second amendment to the United States constitution, which says that "a well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Contentions that this right precludes firearm regulation and control have been answered both in this State (*Biffer* v. *City of Chicago,* 278 Ill. 562) and, more recently, elsewhere. (*Burton* v. *Sills,* 53 N.J. 86, 248 A.2d 521.) They need not be dealt with again here. As the opinion in the *Burton* case points out, regulation which does not impair the maintenance of the State's active, organized militia is not in violation of either the terms or the purposes of the second amendment.

Plaintiffs argue that the definition of "firearms" in the ordinances is broader than the one in the statute, and that even though a person obeys all the requirements of the latter

he will not necessarily be protected thereby from prosecution for violating the ordinances. This does not constitute a valid objection. As we have indicated, the statute and the ordinances have differing objectives. Nor is there merit in objections that the definition includes parts of a weapon, that the ordinances are vague and indefinite, that they duplicate other ordinances, that they are inconsistent with statutes on the subject, that during the 30-day period which the city collector is given to forward the registration certificate the owner may be penalized for not having one, and that in other enumerated respects the plaintiffs' constitutional rights are violated. We find no merit at all in these multiple criticisms, and no useful purpose would be served by discussing them in detail.

Included in the registration ordinance's definition of firearms which must be registered is a "firearm silencer". By statute it is made a crime to possess such a device. (Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a)(6).) The circuit court held that the part of the ordinance relating to silencers is unconstitutional, on the ground that it violates the privilege against self-incrimination, but that the remainder of the ordinance is not thereby invalidated. Plaintiffs here urge the court erred in not declaring that the entire ordinance was therefore void. We cannot accept the argument. The portion relating to firearm mufflers or silencers is clearly severable from the other provisions, and it can hardly be said that the latter would not have been passed if silencers had not been included.

The fact that a part is unconstitutional does not require that the remainder be held void unless all the provisions are so connected as to depend upon each other. If what remains after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which is rejected, the invalid portion does not render void the entire ordinance unless it can be said that the city council would not have passed it with the invalid portion eliminated.

(*People ex rel. Engle* v. *Kerner,* 32 Ill.2d 212; *People ex rel. Adamowski* v. *Wilson,* 20 Ill.2d 568; *McDougall* v. *Lueder,* 389 Ill. 141.) That the remaining provisions in the case at bar are complete in themselves and would have been passed even with the silencer portion eliminated is too clear for further discussion.

The registration ordinance requires a seller to maintain a register containing the date of sale, the name, address, age, physical description and occupation of the purchaser, the price of the firearm, its description and serial number, the purpose for which it is obtained, the permit number and "other relevant information deemed necessary by the City Collector." It is claimed that the quoted phrase is an unlawful delegation of legislative power to the city collector, and unlawfully confers upon a member of the executive department the discretion to determine what additional information the citizen shall produce.

The position cannot be sustained. The discretion is not to be construed as being uncontrolled. It can be exercised only within limits which are relevant to the purpose of identification and is, we think, subject to adequate standards. Absolute criteria whereby every detail necessary in the enforcement of a law is anticipated need not be set forth in the ordinance itself. While a legislative body cannot delegate its general power to determine what the law shall be, it may delegate to others the authority to do those things which it might properly do itself but cannot do as understandingly or advantageously. (*Hill* v. *Relyea,* 34 Ill.2d 552.) The city collector in administering the ordinance is in a position to determine more advantageously when and what further descriptive information is needed. In doing so he is not exercising a legislative power as contemplated by the separation-of-powers article in the constitution.

Each of the ordinances provides that any person violating its provisions shall be fined $500. The plaintiffs contend that this "mandatory" penalty infringes on the function of

the judiciary to determine the punishment, in contravention of the separation-of-powers requirement contained in Article III of the Illinois constitution. We cannot agree. The sum provided for is within the limits of the power conferred by statute (Ill. Rev. Stat. 1967, ch. 24, par. 1—2—1), and the mere fact that the maximum penalty is imposed in any case does not make the ordinances void. *City of Arcola* v. *Wilkinson*, 233 Ill. 250.

Plaintiffs argue at length that strict gun laws do not tend to reduce crime, and statistics and excerpts from reports of surveys are quoted to show that legal restrictions are easily circumvented by experienced criminals. The shameful fact is pointed out that it is unsafe to walk alone at night in many neighborhoods and parks, and it is suggested that firearms might often be necessary for self-protection. These arguments, whatever validity they might have, are not appropriately addressed to this court. They relate to matters of legislative instead of judicial concern, and bear on the advisability of the present provisions rather than on their validity.

We have carefully considered the plaintiffs' arguments and contentions, many of which consist in little more than bare statements that particular aspects contravene due process or some other constitutional provision, but find them without sufficient merit to warrant further discussion. The circuit court of Cook County was correct insofar as it upheld the ordinances and dismissed the complaint. The judgment will be affirmed.

*Judgment affirmed.*