(No. 42144.—)

JAMES L. ARRINGTON et al., Appellants, vs. THE CITY OF CHICAGO et al., Appellees.

*Opinion filed May 20, 1970.*

SIDNEY Z. KARASIK, of Chicago, for appellants.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (EDMUND HATFIELD and MARVIN E. ASPEN, Assistants Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs, James L. Arrington and others who are employed as prison guards at the House of Correction of the City of Chicago, brought this action against the City and certain of its officials. The relief sought was an injunction to restrain the enforcement of the statute (Ill. Rev. Stat. 1967, ch. 38, pars. 24—1 and 24—2) and the ordi-

nance of the City of Chicago (Chapter 11.2 of the Municipal Code of Chicago) which prohibit prison guards from carrying firearms when they are not on duty. The motion of the defendants to dismiss the complaint was sustained, and the plaintiffs have appealed directly to this court.

When the complaint was filed the provisions of the statute and the ordinance were substantially identical in the respects here involved. Both made it unlawful for any person to carry any firearms in any vehicle or about his person, except when on his land or in his own abode or fixed place of business. Both provided that this prohibition should not apply to peace officers; both provided that this prohibition should not apply to keepers of prisons "while in the performance of their official duty;" and both provided that this prohibition should not apply to "Special agents employed by a railroad to perform police functions * * * while actually engaged in the performance of the duties of their employment *or commuting between their homes and places of employment."* (Emphasis added.)

The plaintiffs have attacked the statute and ordinance in two respects. They assert that an arbitrary and unreasonable discrimination is drawn between themselves, as prison keepers who are permitted to bear arms only in the performance of their official duties on the one hand, and on the other special agents of railroads, watchmen and others who are permitted to carry arms not only while actually engaged in the performance of their duties, but also while commuting between their homes and places of employment.

While the case was pending in this court the statute was amended to permit prison keepers to carry arms "while commuting between their homes and place of employment." (Ill. Rev. Stat. 1969, ch. 38, par. 24—2.) This aspect of the case is now moot. It is true that the ordinance of the City has not as yet been amended to conform to the statute, but that is of no consequence since the ordinance is invalid to

the extent that it prohibits what the statute expressly permits. (*Brown* v. *City of Chicago* (1969), 42 Ill.2d 501; *Kizer* v. *City of Mattoon* (1928), 332 Ill. 545; *City of Chicago* v. *Union Ice Cream Mfg. Co.* (1911), 252 Ill. 311.) In section 24—2 of the Criminal Code the General Assembly has enumerated those persons who are to be exempt from the prohibition of section 24—1. (Ill. Rev. Stat. 1969, ch. 38, par. 24—2.) In prohibiting jail keepers from carrying weapons while commuting between their homes and places of employment, the ordinance directly conflicts with one of the exemptions of section 24—2 and therefore cannot stand.

The second contention of the plaintiffs is that the statute and ordinance are invalid because an arbitrary and unreasonable distinction is drawn between peace officers, who may carry arms at any time, and prison keepers and others like themselves who are permitted to carry arms only in the performance of their duties and when commuting to and from their place of work. We cannot accept this contention because it fails to recognize a very significant difference between the duties imposed upon police officers and those imposed upon the plaintiffs and others similarly situated.

A peace officer is defined as "any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses * * *." (Ill. Rev. Stat. 1969, ch. 38, par. 2—13.) He has the duty to maintain public order wherever he may be; his duties are not confined to a specific time and place as are those of a prison guard. It is for this reason, and not because a peace officer may be subject to attack, that he is allowed to carry a weapon at all times.

Jail guards are not peace officers, and they have no general powers to arrest or maintain order. Although they may feel that they need to carry weapons for self-protection, they are no different in this respect from many other public officials. The General Assembly has not acted irrationally in drawing the line that it did between peace officers and prison

guards. *Cf. Brown* v. *City of Chicago* (1969), 42 Ill.2d 501, 507.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*