THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL LAMP-KINS, Defendant-Appellant.

(No. 58496;

First District (4th Division)—April 23, 1975.

David Lincoln Ader, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Jerome Charles Randolph, and Marianne Jackson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Cecil Lampkins, was arrested by the Chicago Police Department on March 12, 1971, and charged with unlawful use of weapons. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4).) Following a bench trial in the Circuit Court of Cook County, he was found guilty and, due to a prior felony conviction within the preceeding 5 years (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b)), he was sentenced to a term in the penitentiary of 3 to 6 years. Defendant now appeals, contending as follows:

> (1) The unlawful use of weapons section of the Criminal Code is unconstitutional, relating to a defendant convicted of a prior felony, as it places a defendant in double jeopardy and is a denial of equal protection of the law;
>
> (2) He should have been found not guilty due to the exemption provided under the Criminal Code for individuals transporting weapons to jail keepers;
>
> (3) He should have been found not guilty since he has established a defense of "necessity";
>
> (4) The trial court erred in failing to allow testimony as to extrajudicial statements which would have corroborated the necessity defense; and

(5) The State had failed to prove that he had been convicted or released from a penitentiary within the five years so as to allow him to be convicted of unlawful use of weapons.

During the evening on March 12, 1971, two Chicago police officers on patrol noticed defendant standing near an intersection. He was adjusting his coat near a street light in a well lighted area and the handle of a revolver was visible above his belt. The officers stopped their car, approached defendant and took the gun. No resistance was offered by defendant.

At trial, defendant did not dispute that he did in fact have the gun, but he did offer an explanation of how he happened to have the weapon and where he was taking it when he was stopped. Defendant testified that at about 8 P.M. that evening he had received a telephone call from Floyd Williams, whom he had known for about a year and a half. Williams seemed to be quite agitated and explained to defendant that he had a gun and intended to shoot some people he suspected of robbing his mother's house. Defendant asked Williams to remain where he was and left his apartment to meet him. When defendant met Williams he made several attempts to convince Williams to give him the gun. After he was successful in doing this, he placed Williams on a subway train at about 10 P.M. Defendant then telephoned Joel Ayres. Mr. Ayres worked at Cook County Jail where he had met defendant. Defendant testified that Mr. Ayres instructed him to bring the weapon to his home. Joel Ayres' testimony confirmed that defendant had in fact called about the gun and stated to Ayres that he had taken it from Williams.

Defendant's first contention on this appeal is that the unlawful use of weapons provision of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1) is unconstitutional as applied to a defendant convicted of a prior felony since it places him in double jeopardy for the prior offense. Defendant further urges that this provision resulted in an unconstitutional denial of equal protection of the law. We find no merit in either argument.

The relevant parts of section 24—1 (of the 1971 Code) provided as follows:

"Unlawful use of weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; or

\* \* \*

(b) Penalty.

A person convicted of a violation of Subsection 24—1(a)(1) through (6), * * * shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both; a person convicted of a violation of Subsection 24—1(a)(7) * * * shall be imprisoned in the penitentiary from one to 5 years. *A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5 years of release from penitentiary or within 5 years of conviction if penitentiary sentence has not been imposed, violates any Subsection of this Section shall be imprisoned in the penitentiary from one to 10 years."* (Emphasis added. Wording of this section partly modified by 1972 revisions but this has no effect on the instant argument.)

Since defendant had been convicted of a felony within the 5 years preceding the instant case, he was sentenced to a term in the penitentiary for a felony conviction. At trial, evidence relating to his prior conviction was permitted to be introduced contrary to what would normally have been permitted absent the above provision. By allowing this, it is claimed that defendant was again placed in jeopardy for the prior offense in violation of the fifth and fourteenth Amendments to the United States Constitution and article I, section 10 of the Illinois Constitution of 1970. See also *Benton v. Maryland*, 395 U.S. 784, 793-6, 23 L.Ed.2d 707, 89 S.Ct. 2056.

Defendant distinguishes the situation presented under this provision from that presented in habitual criminal acts, which have been held not to place a defendant in double jeopardy, since here proof of the prior felony conviction was a necessary element of the offense. He argues that this constitutes a second punishment for the prior and unrelated offense.

■■ In *People v. Ostrand*, 35 Ill.2d 520, 221 N.E.2d 499, cited by defendant several times as part of the foundation of his argument, the court noted that the prior felony conviction within the 5-year period was not a matter simply related to the severity of the sentence imposed, but was an element of one of two possible offenses delineated by this section. A violation absent proof of the prior conviction would be a misdemeanor, while the same violation with a prior felony conviction would constitute a felony. "Under such circumstances, it was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon. (*Cf. People v. Booker*, 34 Ill.2d 16, 17.)" (35 Ill.2d 520, 529.) This procedure quite clearly does not amount to double jeopardy but rather is intended to give defendant proper notice of which of the

two offenses possible under this section he is being charged with to allow an adequate defense on the charge and all the necessary elements included in it. See further *People v. Ferrara*, 111 Ill.App.2d 472, 479, 250 N.E.2d 530, and *People v. Ramey*, 22 Ill.App.3d 916, 921-922, 317 N.E. 2d 499.

It is next claimed that the distinction made between the misdemeanor and felony unlawful use of weapons charge based solely on the prior felony conviction is a violation of the equal protection clause of both the United States and Illinois Constitution. This distinction is characterized as arbitrary and capricious and completely lacking in either a rational relationship between the classification and the purpose it was intended to serve or compelling State interest in punishing one class of people more severely than all others. Defendant's objections are directed first to the fact that a distinction is made in the treatment of a certain class of defendants charged with this specific offense, and further to the fact that distinctions are not drawn within that class as to those previously convicted of a "violent" felony and those whose offenses were "peaceful" in nature.

■■ It is well settled that the penalty to be attached to criminal behavior is a matter for the legislature (*People v. Smith*, 14 Ill.2d 95, 150 N.E.2d 815), and its determination of whether an evil exists and the means adapted to deal with it will not be interfered with unless they are clearly in violation of some constitutional limitation. (*People v. Moore*, 15 Ill. App.3d 691, 304 N.E.2d 696, citing *People v. Lawrence*, 390 Ill. 499, 509-10, 61 N.E.2d 361.) Though defendant offers little support for his argument in his brief, we have nonetheless examined the question carefully and find that the classification under this provision is reasonable, being neither arbitrary nor capricious, rests on a ground of difference which bears a fair and substantial relation to the purpose of the legislation, and treats all persons within the classification alike. (See *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 36 L.Ed.2d 16, 93 S.Ct. 1278; *Reed v. Reed*, 404 U.S. 71, 30 L.Ed.2d 225, 92 S.Ct. 251; and *Skinner v. Oklahoma*, 316 U.S. 535, 86 L.Ed. 1655, 62 S.Ct. 1110.) We are of the opinion, therefore, that defendant was not denied equal protection of the law by the operation of this provision.

■■ Defendant next asks that this court find that he should not have been found guilty of carrying a concealed weapon in violation of section 24—1(a)(4) as he had proven at trial that he was carrying the weapon to Mr. Ayres, at Ayres' request, and he was then exempted from criminal liability under section 24—1(a)(4) by virtue of section 24—2(a)(6), read in conjunction with section 24—2(a)(2). (Ill. Rev. Stat. 1971, ch. 38, pars. 24—2(a)(2) and (6).) These sections provide as follows:

"Exemptions

(a) Subsections 24—1(a)(3) and 24—1(a)(4) do not apply to or affect any of the following:

\* \* \*

(2) Warden, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense, while in the performance of their official duty, or while commuting between their homes and place of employment.

\* \* \*

(6) Manufacture, transportation or sale of weapons to persons authorized under (1) through (5) of this Subsection to possess those weapons."

It is urged that Mr. Ayres was a jail keeper as defined by section 24—2(a)(2) and defendant was in the process of transporting the weapon to him as allowed by section 24—2(a)(6), when he was arrested. We find this argument to be without merit.

Mr. Ayres, as noted in defendant's brief, was "a counselor at the Pace Institute of the Cook County Jail." There is no need then for this court to consider whether section 24—2(a)(6) is applicable to the situation in the instant case since we find that Mr. Ayres' position in the instant case was not such as to allow him to be included in those persons exempted under Section 24—2(a)(2). Defendant relies on the fact that Mr. Ayres was working in the jail under the jurisdiction of the Sheriff's Correctional Department to bring him under the statutory exemption. A review of the record demonstrates that Mr. Ayres was an employee of the Chicago Board of Education, working in the jail under the jurisdiction of the Sheriff of Cook County, though paid by the City of Chicago. His work was not custodial by its nature and dealt solely with education and rehabilitation. He could not then be considered a "warden, superintendent or a keeper" under this section. In *Arrington v. City of Chicago*, 45 Ill.2d 316, 259 N.E.2d 22, the Illinois Supreme Court in considering, *inter alia*, this section, drew a distinction between prison keepers and peace officers in general. The latter were vested with a statutory duty (Ill. Rev. Stat. 1969, ch. 38, par. 2—13) to maintain public order and make arrests at all times and at any location. These duties were "\* \* \* not confined to a specific time and place as are those of a prison guard." (45 Ill.2d 316, 318.) A prison keeper is given a narrow exemption by this section to allow him to maintain order at the jail or prison. Mr. Ayres' position would not bring him under this exemption.

■■ Defendant's argument that he had established a defense of necessity by proving that he had taken the gun away from another person to

prevent that person from shooting someone else is equally without merit. At trial, defendant admitted that he was carrying the weapon on his person, but claimed that he had taken it from Floyd Williams to prevent Williams from shooting some persons he claimed had robbed his mother's house. He testified that he related this occurrence to Mr. Ayres prior to his arrest and this was confirmed by Mr. Ayres. The trial judge, however, chose not to believe defendant's explanation. The question before us is what amount of credibility should have been given defendant's explanation and the statement regarding it made to Mr. Ayres. Issues of credibility are resolved by the trier of fact and this court will not disturb that determination due to the possible existence of conflicting evidence (*People v. James*, 4 Ill.App.3d 1042, 1050, 282 N.E.2d 760) unless such determination is palpably erroneous. *People v. Johnson*, 20 Ill.App.3d 926, 929, 314 N.E.2d 215.

■■ The defense did not present the testimony of Floyd Williams regarding the alleged incident described by defendant above. Defendant claims that Williams had appeared at court to testify, but on the actual trial date he could not be located. Defendant draws this court's attention to the fact that there were numerous delays and continuances prior to the trial that "prevented him [Williams] from testifying." We note that many of these delays were caused by defendant and were not within the power of the State to prevent. The defendant did attempt to have the testimony introduced of four other witnesses to various extrajudicial statements of Williams which, it is claimed, would corroborate defendant's explanation of how and why he had the weapon. These statements were excluded by the trial court as hearsay and defendant now urges that this constituted error. We find that the trial court acted properly in excluding these statements.

Defendant does not argue that these statements were not hearsay, but, relying on *People v. Lettrich*, 413 Ill. 172, 178, 108 N.E.2d 488, argues that they should have been admitted as "justice demand[ed] a departure" from the rule. (413 Ill. 172, 178.) In *Lettrich*, the defendant had attempted to introduce testimony that a third party had stated that he had committed the offense. This testimony was excluded and the Illinois Supreme Court reversed. The opinion stated that the general rule was that testimony as to the unsworn declaration of a third party that he committed a crime (a declaration against penal interest) was inadmissible as pure hearsay, but in the interest of fairness and justice they should have been admitted due to the particular circumstances of the case. These "particular circumstances" consisted of evidence that a confession by defendant was coerced; all witnesses to the confession not testifying at the hearing; the confession being the only evidence against

defendant; and finally, the death sentence being imposed. These special and somewhat extreme circumstances have been cited several times in later decisions distinguishing *Lettrich* and refusing to admit this type of testimony. (*People v. Hairston*, 46 Ill.2d 348, 373-374, 263 N.E.2d 840; *People v. Dowling*, 95 Ill.App.2d 223, 227, 238 N.E.2d 131; and *People v. Moscatello*, 114 Ill.App.2d 16, 32, 251 N.E.2d 532.) In the instant case, we do not find such circumstance present that would have required the trial court to depart from the general rule and the decision to exclude these statements was correct.

Defendant's final contention is that the trial court erred in finding him guilty of a felony for unlawful use of weapons since the State had failed to prove that he had been convicted of a felony or released from a penitentiary within the preceeding 5 years. At trial, the State introduced a certified conviction statement of an individual named Cecil Lampkins. This was permitted into evidence, though defendant objected on the ground that the introduction was improper prior to a finding of guilty. This objection could not stand in light of *People v. Ostrand*, noted earlier in this opinion. Defendant argues that no evidence was introduced at trial which would prove that he was the same Cecil Lampkins named in the certified conviction statement as was held to be necessary by the decision of this court in *People v. Hayes*, 15 Ill.App.3d 851, 305 N.E.2d 283.

■■ Statements and testimony by the defense at trial may also be sufficient to prove that defendant was the same person named in a conviction statement introduced in this manner. (*People v. Dixon*, 46 Ill.2d 502, 504, 263 N.E.2d 876.) In *Hayes*, defendant objected to the introduction of the conviction statement stating that he had not in fact been convicted as the statement alleged. No other evidence on this issue was heard and this was found to be error. In the instant case, the objection was to whether or not the conviction statement could properly be introduced in the State's case in chief as an element of the offense. Defendant's counsel objected solely on this ground as he believed that evidence of defendant's prior felony conviction could not be introduced until after conviction and then only during a hearing in aggravation and mitigation. Further, there are numerous statements by defendant in the record before this court sufficient for us to find that the Cecil Lampkins named in the conviction statement was the same Cecil Lampkins that was the defendant in the instant case, and the felony conviction will not be disturbed as a result.

■■ For the foregoing reasons, this court is of the opinion that the conviction of the defendant must be affirmed. However, we have examined the record presented in the instant case, as well as defendant's

background and other evidence presented in his behalf, and we believe that it is appropriate for this court to exercise its power under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4) to modify the sentence imposed by the trial court to a term in the Illinois State Penitentiary of not less than 1 year nor more than 3 years.

The judgment of the Circuit Court of Cook County is affirmed as modified.

Judgment affirmed as modified.

DIERINGER, P. J., and JOHNSON, J., concur.