THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE D. BARRETT, Defendant-Appellant.

Second District   No. 76-450

Opinion filed November 21, 1977.—Rehearing denied December 29, 1977.

Ralph Ruebner and Allen Wiederer, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Lawrence D. Barrett, hereinafter "defendant," was charged by information with two counts of aggravated battery and one count of battery. In count I, the defendant was charged with committing aggravated battery upon Ronald Lyerla with the knowledge that Officer Lyerla was a peace officer engaged in his official duties. In count II, the defendant was charged with committing aggravated battery on Dale Poor and was acquitted thereon. In count III, he was charged with committing battery on Dale Poor, which conviction is not appealed. Defendant's motions for directed verdict on the charge of aggravated battery of Officer Lyerla were denied. After a jury trial he was convicted of aggravated battery under count I and battery under count III. Defendant was sentenced to concurrent terms of 2-6 years for aggravated battery and 11 months for battery.

On appeal only one issue is presented for review: whether the State properly proved an essential element of the offense of aggravated battery of a peace officer, that the officer was engaged in the execution of his official duties, where the officer was off duty in his Rockford police uniform, moonlighting as a security guard at the time of this incident. On a review of the entire record, we find this assignment of error to be entirely without merit. We affirm the conviction for aggravated battery. A brief recitation of the facts, which are substantially undisputed, is necessary for our disposition.

Defendant, accompanied by his brother, Gregory Barrett, attempted to steal a pair of child's bib overalls from the Giant store in Rockford, Illinois, on December 14, 1975. Defendant placed the overalls inside his shirt and pants while Gregory Barrett attempted to steal a pair of shoes by wearing them out of the store. Both had been observed, however, by an employee of the Giant store, Gary Johnson, who notified the security guard, Ronald Lyerla. Officer Lyerla was an off-duty City of Rockford police officer who was working at the Giant store in his Rockford police uniform as a security guard. Officer Lyerla informed the defendant and his brother that they were under arrest as they attempted to leave the store. A melee ensued, during which Officer Lyerla was struck two or three times by the defendant who was wearing a cast on his right hand. This altercation finally came to a conclusion, and Officer Lyerla placed both the defendant and Gregory Barrett under arrest.

The statute pertaining to the offense in question states that an aggravated battery is committed when:

"(b) A person who, in committing a battery * * *:

* * *

(6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest; * * *." Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6).

Initially we note it is indisputed that Officer Lyerla announced to the defendant that he was under arrest and that the defendant knew the person he struck was a police officer. *People v. Barry* (1972), 6 Ill. App. 3d 836, 286 N.E.2d 753.

■■ It is clear that an essential element of the offense of aggravated battery of a peace officer is that the officer be engaged in the execution of his official duties. (*People v. Bailey* (1973), 10 Ill. App. 3d 191, 293 N.E.2d 186.) Defendant argues that the State failed to prove that Officer Lyerla was in the performance of his official duties as a police officer at the time he arrested the defendant. Instead, the defense maintains the evidence

demonstrates that Officer Lyerla was acting in the course of his employment as a paid security guard for a retail store and was not in the execution of his official duties. Thus, defendant asks that court to hold that a police officer in uniform, who informs a suspect that he is under arrest while he is off duty but employed somewhere else, is not in the execution of his official duties with the meaning of this aggravated battery statute. Our research indicates that this question has not been addressed by Illinois courts heretofore.

■■ Support for the position that Officer Lyerla was in the execution of his official duties at the time of this arrest is found in *Stengel v. Belcher* (6th Cir. 1975), 522 F.2d 438, *cert. granted,* 425 U.S. 910, 47 L. Ed. 2d 760, 96 S. Ct. 1505 (1976), *cert. dismissed per curiam,* 429 U.S. 118, 50 L. Ed. 2d 269, 97 S. Ct. 514, which is relied upon by the State. In *Stengel* the issue is whether an off-duty policeman was acting under color of State law (for the purpose of the Civil Rights Statute) when he shot and killed two persons and paralyzed a third in a dispute at a cafe. The court stated that:

"[T]he fact that a police officer is on or off duty, or in or out of uniform is not controlling. 'It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law.' " (*Stengel v. Belcher,* 522 F.2d 438, 441.)

Likewise, in the instant case, it is irrelevant whether Officer Lyerla was in or out of uniform, employed by a private party or on regular duty at the time of the above incident. The decisive factor in determining whether Officer Lyerla was in the execution of his official duties is the nature of the acts he performed and not his employment status at the time. Here, Officer Lyerla's testimony clearly demonstrates he was in the process of making an arrest for shoplifting, a violation of the laws of Illinois, and his act was conclusively within the execution of his official duties as a police officer. *People v. Brown* (1974), 18 Ill. App. 3d 1049, 310 N.E.2d 498.

Defendant further argues that the State must establish that Officer Lyerla was in the execution of his official duties by either a city ordinance which required Officer Lyerla to be on duty 24 hours (see *Banks v. City of Chicago* (1973), 11 Ill. App. 3d 543, 297 N.E.2d 343) or by the testimony of his superior officer that Officer Lyerla was on duty at all times. This contention is without merit.

Our supreme court has specifically found, in upholding a distinction in an unlawful use of weapons statute which allows police officers to carry arms at any time, that a peace officer "has the duty to maintain public order wherever he may be; *his duties are not confined to a specific time and place * * *.*" (Emphasis added.) (*Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 318, 259 N.E.2d 22, 24.) Thus, it is immaterial for the

purpose of establishing that Officer Lyerla was in the execution of his official duties, whether he was on duty or required to be on duty at the time of the arrest, because an officer's duties are not constrained by specific time or place limitations. It is the nature of the acts performed by the officer which determine whether the officer was in the execution of his official duties. Accordingly, we hold that the evidence in the instant cause conclusively established that Officer Lyerla was in the process of making an arrest for shoplifting, which is within the execution of his official duties as a peace officer.

In conclusion, we find that the defendant was properly convicted of the charge of aggravated battery of a peace officer and that the jury found beyond a reasonable doubt that the defendant knew the person he struck, struggled with and engaged in a melee with was a policeman in the execution of his official duties. (*People v. Spears* (1969), 106 Ill. App. 2d 430, 245 N.E.2d 544.) For the reasons given, defendant's convictions for aggravated battery and battery are affirmed and the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

NASH and WOODWARD, JJ., concur.