Obie C. EVANS, Plaintiff-Appellant,

v.

William REWERS, E. Clancy and J. Patrapas, Defendants-Appellees.

No. 78–1360.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 15, 1979.

Decided March 27, 1979.

Rehearing Denied April 17, 1979.

Howard O. Edmonds, Chicago, Ill., for plaintiff-appellant.

Philip L. Bronstein, Asst. Corp. Counsel, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, PELL and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

On October 13, 1976, plaintiff-appellant Evans was employed as a security guard at Cook County Hospital. On that day defendant Chicago Police Officers observed Evans gazing in the window of a clothing store. The police officers stopped Evans, inquired whether he was carrying a handgun, and when he responded in the affirmative the officers placed him under arrest.[1] It is undisputed that at the time of the arrest Evans was off-duty and off hospital premises. The weapon in his holster had not been issued by his employer. Evans was subsequently charged with the unlawful use of a weapon in violation of Ill.Rev. Stat. ch. 38, § 24–1(a)(10).[2]

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 seeking $50,0000 in damages and alleging that because he was exempt as a "peace officer" from the unlawful use of weapons statute, he was falsely arrested and incarcerated.[3] The district court disagreed and granted the defendants' motion for summary judgment. The only issue raised in this appeal is whether at the time of his arrest the plaintiff was a "peace officer" and, therefore, not subject to arrest on the weapons charge. We affirm.

The plaintiff's employment with the Cook County Hospital Police Department was authorized by Ill.Rev.Stat. ch. 34, § 910, which defines and limits the scope of his authority:

The Health and Hospitals Governing Commission of Cook County, subject to the applicable Merit System rules, may appoint persons to be members of the Governing Commission's Security Police Departments in any and all facilities operated by the said Commission. *Members of such Security Police Departments shall be peace officers and as such have all powers possessed by policemen, in cities, and sheriffs in counties, including the power to make arrests on view or warrants of violation of State statutes and city or county ordinances. Such officers have no power to serve and execute civil process. Such police powers may be exer-*

---

1. The plaintiff managed to produce a county hospital security guard identification card but was nonetheless arrested.

2. Ill.Rev.Stat. ch. 38, § 24–1, provides in pertinent part:
   (a) A person commits the offense of unlawful use of weapons when he knowingly:
   (10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his abode or fixed place of business, any loaded pistol, revolver or other firearm.

The charge against Evans was later dismissed, and all police records of the arrest were expunged.

3. The exemption provision, Ill.Rev.Stat. ch. 38, § 24–2, reads in relevant part:
   (a) Subsections 24–1(a)(3), 24–1(a)(4) and 24–1(a)(10) do not apply to or affect any of the following:
   (1) Peace officers or any persons summoned by any such officers to assist in making arrests or preserving the peace while he is actually engaged in assisting such officer.

*cised only upon premises operated by the Governing Commission and when required for the protection of such premises, personnel, students, patients and properties thereof.*

(Emphasis added.) The plaintiff would have us read no farther than "[m]embers of such Security Police Departments shall be peace officers and as such have all powers possessed by policemen." *Id.* It is true that the statute literally labels hospital security police peace officers, but with limitations and restrictions. "Such police powers may be exercised only upon premises operated by the Governing Commission and when required for the protection of such premises, personnel, students, patients and properties thereof." *Id.* The plain meaning of Chapter 34, Ill.Rev.Stat. ch. 34, § 910 is that a security guard of the Cook County Hospital is a "peace officer" but only when on the hospital premises for the purpose of protecting certain persons and things. The plaintiff—off-duty, miles from the hospital, and carrying his personal hand gun—was not a peace officer entitled to the statutory exemption. *See Franklin v. United States,* 148 U.S.App.D.C. 39, 458 F.2d 861 (1972) (per curiam).

The plaintiff was chargeable with a violation not only of State law but also of the regulations of Cook County Hospital. Pursuant to the limited police authority granted in Chapter 34, the Health and Hospitals Governing Commission of Cook County adopted a resolution on December 14, 1976, in force at the time of Evans' arrest, governing the use of guns:

- This resolution shall not constitute authority for Health and Hospitals Governing Commission Security Department personnel to carry personally-owned firearms at any time.
- At the discretion of the Health and Hospitals Governing Commission, their several Security Departments may be authorized to requisition and maintain such firearms as the Commission deems advisable.
- Security Officers authorized to carry a firearm shall sign for the weapon at the beginning of the appropriate tour of duty and turn in the weapon at the conclusion of that tour of duty or portion thereof.

The resolution makes hospital policy unmistakably clear: (1) security guards are not authorized to carry personally owned firearms at any time; (2) the security departments are authorized to requisition and issue firearms; and (3) security officers may carry issued firearms only when on-duty and on hospital premises. It is clear that Evans, carrying a personal revolver off-duty and off hospital premises, also breached the terms of his employment.

The Supreme Court of Illinois would similarly reject the plaintiff's reasoning as missing the mark. In *Arrington v. City of Chicago,* 45 Ill.2d 316, 318, 259 N.E.2d 22, 24 (1970), the court observed that the Illinois legislature had spoken by defining the term "peace officer" as "[A]ny person who by virtue of his office of public employment is vested by law with a duty to maintain public order or to make arrests for offenses [, whether that duty extends to all offenses or is limited to specific offenses.]" (Ill.Rev. Stat. ch. 38, § 2–13)." The Supreme Court then declared, "[A peace officer] has the duty to maintain public order wherever he may be; his duties are not confined to a specific time and place . . . . It is for this reason . . . that he is allowed to carry a weapon at all times." 45 Ill.2d at 318, 259 N.E.2d at 24. *See also People v. Barrett,* 54 Ill.App.3d 994, 996, 12 Ill.Dec. 624, 370 N.E.2d 247 (1977); *People v. Perry,* 27 Ill.App.3d 230, 234–35, 327 N.E.2d 167 (1975). In the case before us the plaintiff's responsibilities were carefully limited in both time and place. We are unconvinced that the Illinois legislature, which narrowly restricted the plaintiff's official police duties, intended to completely exempt hospital security guards from the provisions of the unlawful weapons statute.

The judgment of the district court is affirmed.