986 P.2d 897

The STATE of Arizona, Appellee,

v.

Steven Soto FONTES, Appellant.

No. 2 CA–CR 98–0101.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 26, 1998.

Review Denied Sept. 21, 1999.

**230**

Grant Woods, Arizona Attorney General By Paul J. McMurdie and Galen H. Wilkes, Phoenix, Attorneys for Appellee.

Susan A. Kettlewell, Pima County Public Defender By Kristine Maish, Tucson, Attorneys for Appellant.

## OPINION

HOWARD, Judge.

¶ 1 Appellant Steven Soto Fontes was convicted after a jury trial of aggravated assault on a peace officer, a class five felony, and resisting arrest, a class six felony. He raises three issues on appeal, none of which merits reversal.

## FACTS

¶ 2 "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser,* 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.1997). An off-duty sheriff's deputy, employed as a plainclothes security officer by a supermarket, saw appellant steal a pack of tobacco rolling papers from the store. The deputy and the store manager approached appellant near the store exit. The deputy had a "flat badge" on a strap around his neck, visible outside his shirt, and a sheriff's badge in his wallet that he showed appellant when he verbally identified himself as a sheriff's deputy and told appellant he was "under arrest" for theft. He informed appellant that, "if he cooperated with me and didn't fight with me, he'd walk out of [the store] with a ticket ... [or] if he fought with me, he'd be going to jail." The deputy then told appellant to turn around so he could, pursuant to sheriff's department rules and regulations, place appellant in handcuffs.

¶ 3 At this point, appellant, who had an outstanding arrest warrant and was carrying false identification, dropped his beer in front of the deputy; grabbed the store manager's tie, forcing him into a pole; and started running out the door. The deputy caught appellant, informed him again that he was a deputy and that appellant was under arrest, and attempted to subdue him by forcing him to the ground. Appellant hit the deputy. The deputy struck appellant in the face several times, but despite the deputy's requests that he stop resisting, appellant continued to fight, cursed and threatened the deputy, and attempted to kick him in the groin. Appellant was ultimately handcuffed after he was subdued by the deputy, the store manager, and two bystanders. Appellant continued to

curse the deputy, threaten him, and pull away from him, even after he was handcuffed.

## DISCUSSION

¶ 4  A required element of aggravated assault on a peace officer is that "the person commits the assault knowing or having reason to know that the victim is a peace officer, or a person summoned and directed by the officer while engaged in the execution of any official duties." A.R.S. § 13–1204(A)(5). A person commits resisting arrest by "intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest" by either "[u]sing or threatening to use physical force against the peace officer or another; or ... [u]sing any other means creating a substantial risk of causing physical injury to the peace officer or another." A.R.S. § 13–2508(A).

¶ 5  Appellant first contends the off-duty deputy was not a "peace officer" "engaged in the execution of any official duties" or "acting under color of ... [the] officer's official authority." Therefore, appellant contends, he could not have been convicted of aggravated assault on a peace officer or resisting arrest. See §§ 13–1204(A)(5) and 13–2508(A). Because appellant failed to raise this issue below, it is waived, absent fundamental error. *State v. Jones*, 185 Ariz. 471, 917 P.2d 200 (1996). A conviction not supported by the evidence is fundamental error. *State v. Jannamon*, 169 Ariz. 435, 819 P.2d 1021 (App.1991).

¶ 6  The deputy, although off-duty, clearly was a peace officer. A.R.S. § 13–105(25) (peace officer is "any person vested by law with a duty to maintain public order and make arrests").

A police officer on "off-duty" status is nevertheless not relieved of the obligation as an officer to preserve the public peace and protect the lives and property of the citizens of the public in general. Indeed, police officers are considered to be under a

duty to respond as police officers 24 hours a day.

16A Timothy P. Bjur et al., Eugene McQuillin The Law of Municipal Corporations, § 45.15 at 123 (3d ed.1992) (footnotes omitted). Because appellant was shown two badges and verbally informed that the deputy was a sheriff's deputy, sufficient evidence was presented to establish that appellant knew or had reason to know that the deputy was a peace officer.

¶ 7  We next consider whether the officer was "engaged in the execution of any official duties" or "acting under color of ... [the] officer's official authority." §§ 13–1204(A)(5) and 13–2508(A). Relying on *State v. Feldstein*, 134 Ariz. 129, 654 P.2d 63 (App.1982), the state contends that appellant can be guilty of aggravated assault on a peace officer and resisting arrest even without a showing that the deputy was engaged in the execution of his official duties. First, the court in *Feldstein* construed the specific language of § 13–1204(A)(5). That analysis does not apply to the distinct language of § 13–2508(A). Second, appellant was indicted and convicted under § 13–1204(A)(5) and (C). Subsection (C) provides that aggravated assault on a peace officer is a class five felony when the assault occurs "while the officer is engaged in the execution of any official duties." Subsection (C) was added after *Feldstein*, see 1994 Ariz. Sess. Laws, ch. 200, § 12, and therefore, *Feldstein* is not applicable here.[1]

¶ 8  A sheriff's deputy has a duty to preserve the peace and to arrest "all persons who attempt to commit or [who] have committed a public offense." A.R.S. § 11–441(A)(1) and (2). This duty applies even when the officer is "off-duty." Bjur et al., supra. An off-duty officer can be executing official duties or serving a private employer. See *State v. Kurtz*, 78 Ariz. 215, 278 P.2d 406 (1954). The distinction is based on whether the off-duty officer was "acting in 'vindication of public right and justice' or ... merely performing acts of service to [a] private employer." *Id.* at 218, 278 P.2d at 408, quoting

---

1.  We express no opinion regarding the continued applicability of *Feldstein* when a defendant is not indicted and convicted under A.R.S. § 13–1204(C).

*Neallus v. Hutchinson Amusement Co.*, 126 Me. 469, 139 A. 671, 672 (Me.1927). Here, the deputy observed appellant commit theft (A.R.S. § 13–1802), shoplifting (A.R.S. § 13–1805), or possibly burglary (A.R.S. § 13–1506); verbally identified himself as a deputy; showed official identification; followed official sheriff's department procedures; and attempted to execute his statutory duties by arresting appellant. Under these circumstances, the off-duty, privately employed deputy was acting in vindication of public rights and justice. Therefore, he was a peace officer engaged in the execution of his official duties or acting under color of his official authority for purposes of §§ 13–1204(A)(5) and 13–2508(A). See *Kurtz,* 78 Ariz. at 219, 278 P.2d at 408 (in arresting defendant who had committed misdemeanor in their presence, off-duty officers employed as private security officers "were not performing mere acts of service for their private employer but were acting in vindication of the public right in apprehending a wrongdoer").[2] There was no error here, much less fundamental error.

■ ¶ 9 To the extent we understand his next argument, appellant contends, citing § 13–1805(C), that the trial court should have directed a verdict in his favor or sua sponte instructed the jury on the reasonableness of the detention, arguing the deputy's use of force was not privileged and was "wholly unreasonable." Section 13–1805(C) states that "[a] merchant, or his agent or employee, with reasonable cause, may detain on the premises in a reasonable manner and for a reasonable time any person suspected of shoplifting ... for questioning or summoning a law enforcement officer." This subsection does not apply here, because, as previously discussed, the deputy was a peace officer effecting an arrest, not the store's agent detaining appellant for questioning or summoning an officer.

■ ¶ 10 Appellant next argues the trial court erred in denying his motion for a judgment of acquittal made under Rule 20, Ariz. R.Crim. P., 17 A.R.S., claiming his conduct was justified because the deputy used excessive force during the arrest. A judgment of acquittal is appropriate when no substantial evidence is presented to warrant a conviction. *State v. Lee,* 189 Ariz. 590, 944 P.2d 1204 (1997), cert. denied, 523 U.S. 1007, 118 S.Ct. 1192, 140 L.Ed.2d 321 (1998). " 'Substantial evidence' is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones,* 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). A trial judge has no discretion to enter a judgment of acquittal if reasonable minds could differ on the inferences to be drawn from the evidence; such a case must be submitted to the jury. *State v. Landrigan,* 176 Ariz. 1, 859 P.2d 111 (1993).

■ ¶ 11 A defendant is not justified in using force to resist an arrest by a peace officer "unless the physical force used by the peace officer exceeds that allowed by law." A.R.S. § 13–404(B)(2). An officer can use physical force in arresting a defendant if a "reasonable person would believe that such force is immediately necessary to effect the arrest." A.R.S. § 13–409. Viewing the evidence in the light most favorable to sustaining the verdicts, Nihiser, there was substantial evidence that a reasonable person would have believed force was necessary to effect the arrest.

■ ¶ 12 The deputy made no use of physical force until appellant dropped his

**2.** See also *Hughes v. State,* 400 So.2d 533 (Fla. Dist.App.1981); *People v. Barrett,* 54 Ill.App.3d 994, 12 Ill.Dec. 624, 370 N.E.2d 247 (Ill.App. 1977); *Tapp v. State,* 406 N.E.2d 296 (Ind.App. 1980); *State v. Glover,* 52 Ohio App.2d 35, 367 N.E.2d 1202 (Ohio App.1976); *Commonwealth v. Gommer,* 445 Pa.Super. 571, 665 A.2d 1269 (Pa.Super.Ct.1995); *State v. Graham,* 130 Wash.2d 711, 927 P.2d 227 (Wash.1996); 6A C.J.S. Assault and Battery § 81 at 465 (1975). Cf. *Goodwin v. State,* 222 Ga.App. 285, 474 S.E.2d 84 (Ga.App.1996). Courts have reached a similar conclusion in the civil arena, see, e.g., *Dinmark v. Farrier,* 510 So.2d 819 (Ala.1987), and in cases brought under 42 U.S.C. § 1983. See *Abraham v. Raso,* 15 F.Supp.2d 433 (D.N.J. 1998); *Alvarado v. City of Dodge City,* 238 Kan. 48, 708 P.2d 174 (Kan.1985). See also Alexander C. Black, Annotation, Liability of Municipal Corporation or Other Governmental Entity for Injury or Death Caused by Action or Inaction of Off-Duty Police Officer, 36 A.L.R. 5th 1, § 16 (1996).

beer in front of the deputy, forced the store manager into a pole, and attempted to flee the store. The deputy then pursued appellant and forced him to the ground. Such force was not unreasonable under the circumstances. See *State v. Sanders*, 118 Ariz. 192, 575 P.2d 822 (App.1978) (force not unreasonable when, among other things, officer wrestled fleeing defendant to the ground). At this point, appellant was not justified in using physical force to resist the arrest. See § 13–404(B)(2). Appellant, however, then struck the deputy, cutting him under the eye and causing redness. This conduct constituted both resisting arrest and aggravated assault on a peace officer. § 13–2508(A)(1) (resisting arrest by using physical force against an officer); § 13–1204(A)(5). Any subsequent force by the deputy, whether reasonable or excessive, did not justify appellant's initial use of force against the deputy. The trial court, therefore, did not err in denying appellant's motion for acquittal on grounds of excessive force.

¶ 13 Appellant's convictions and the sentences imposed are affirmed.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and PHILIP G. ESPINOSA, Judge, concur.