NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WILMER DALE BRIMER, *Appellant*.

No. 1 CA-CR 17-0572
FILED 1-29-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-106908-001
The Honorable Alfred M. Fenzel, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

H O W E, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Wilmer Dale Brimer has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Brimer was convicted of one count of second-degree burglary, a class three felony. Brimer was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Brimer's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Brimer. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). One day in August 2015, S.W. returned home at about 2:00 p.m. When she entered her house, she heard "dresser drawers opening and closing." After walking towards a bedroom, she saw "a burglar" that she recognized as Brimer. S.W. was able to identify Brimer because they had been neighbors for 15 to 20 years. She became angry and yelled at Brimer, asking him how he could do this to her. S.W. then ran out of her house and called 9-1-1 on her cell phone while Brimer and another person, Dominic Ellis, ran out the back door.

¶3        Phoenix Police Officer Nicholas Chacon met S.W. at her home and received a description of the suspects. S.W. learned that several pieces of jewelry, "small trinket boxes," and some $2 bills had been taken. Officer Chacon left S.W.'s house to find suspects matching the description, and he found Ellis standing outside of a drugstore about two blocks from S.W.'s house. Officer Chacon searched Ellis and found some $2 bills in his pocket. He also found a small, glass box containing jewelry near Ellis. Officer Chacon escorted S.W. to the drugstore to identify Ellis and to show her the recovered items. S.W. recognized the items as her possessions, and they were returned to her.

¶4          Leading up to trial, the court advised Brimer numerous times that failure to appear for a hearing would result in a warrant for his arrest and that a hearing or trial could proceed in his absence. Brimer failed to attend a pretrial conference in March 2017, and his counsel informed the court that he had not had contact with Brimer and had no explanation for Brimer's absence. A jury was selected in Brimer's absence, and the court found that Brimer had voluntarily absented himself from trial.

¶5          At trial, Ellis testified that he and Brimer burglarized S.W.'s home in August 2015. He stated that he entered S.W.'s home through a back patio door and took two necklaces and a couple $2 bills. Ellis testified that he fled from the house after S.W. confronted Brimer. He then stated that he was arrested at a drugstore while he was trying to contact Brimer to pick him up.

¶6          The jury found Brimer guilty of second-degree burglary. Also, the jury found the following aggravating circumstances: (1) the offense involved the presence of an accomplice; (2) Brimer committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value; and (3) the offense caused physical, emotional, or financial harm to S.W.

¶7          The court issued a warrant for Brimer's arrest for his failure to appear. He was later arrested on new charges. At a hearing, Brimer pled guilty to crimes unrelated to this case. As part of the plea agreement, Brimer admitted that he had been convicted of two felonies in 2005, both for possession of dangerous drugs. Before sentencing Brimer, the court accepted into evidence a certified record of four of Brimer's prior felony convictions.

¶8          The court conducted the sentencing hearing in compliance with Brimer's constitutional rights and Arizona Rule of Criminal Procedure 26. The court sentenced Brimer to a presumptive 11.25-year term for the burglary count, with 122 days' presentence incarceration credit. Also, the court ordered Brimer to pay $500 in restitution. Brimer timely appealed.

**DISCUSSION**

¶9          We review Brimer's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Brimer has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were

conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Brimer at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Brimer's conviction and sentence.

¶10            Upon the filing of this decision, defense counsel shall inform Brimer of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Brimer shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶11            For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA