NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARIO ORTIZ-RONCES, *Appellant.*

No. 1 CA-CR 15-0460
FILED 4-14-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-125003-001
The Honorable Brian Kaiser, Pro Tem Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

H O W E, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Mario Ortiz-Ronces was convicted of aggravated driving under the influence ("DUI") while under the influence and of aggravated DUI while under the influence with a blood alcohol concentration ("BAC") level of 0.08 or higher. He was sentenced to concurrent terms of four months' imprisonment with 75 days of presentence incarceration credit and three years' supervised probation upon release from prison. Counsel for Ortiz-Ronces asks this Court to search the record for fundamental error. Ortiz-Ronces was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Ortiz-Ronces' convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Ortiz-Ronces. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3 One Monday morning in May 2014, D.W. was sitting on his couch in his living room when he heard tire screeching and a loud crash. When D.W. looked outside, he saw that a red car had crashed into a tree in his neighbor's front yard. D.W. went outside and saw a person—later identified as Ortiz-Ronces—take something from the car's front driver seat and then walk down the street. D.W. told his neighbor what he saw and started following Ortiz-Ronces in D.W.'s car.

¶4 Meanwhile, D.W.'s wife called the police, and officers arrived at the scene. The officers smelled alcohol in the car. D.W.'s wife told the officers that her husband was following Ortiz-Ronces. The officers spoke with D.W., who directed them to an apartment Ortiz-Ronces had entered.

**¶5**　　　　The officers knocked on the door and spoke with Ortiz-Ronces, noticing that he had a "strong odor of intoxicating liquor emitting from his body" and that he had "bloodshot, watery eyes and slurred speech." The officers asked Ortiz-Ronces whether he knew anything about the crash down the street, and he responded that he was driving the car when he swerved to avoid a pedestrian and hit a tree instead. Ortiz-Ronces also stated that the car belonged to his mother and that his driver's license was suspended. After reading Ortiz-Ronces his *Miranda*[1] rights and having him sign an implied consent form for a blood draw, a phlebotomist drew Ortiz-Ronces' blood. A toxicology expert later determined that Ortiz-Ronces had a BAC of 0.160.

**¶6**　　　　Ortiz-Ronces was arrested and taken to the police station. There, an officer read Ortiz-Ronces his *Miranda* rights again, and Ortiz-Ronces indicated that he understood and would answer questions. Ortiz-Ronces told the officers that he was driving the car and that he had drank "two or three 24-ounce[] beers." When asked whether his license was suspended, Ortiz-Ronces responded that it was. The State charged Ortiz-Ronces with one count of aggravated DUI while under the influence and while his driver's license was suspended, one count of aggravated DUI with a BAC of 0.08 or higher and while his license was suspended, and one count of leaving the scene of an accident resulting only in damage to the vehicle.

**¶7**　　　　At trial, two arresting officers made in-court identifications of Ortiz-Ronces, and a custodian of record for the motor vehicle department testified that Ortiz-Ronces' license was suspended and that he was notified twice of his suspension. The custodian of record also testified that Ortiz-Ronces took no steps to reinstate his driving privileges. After the State rested its case-in-chief, Ortiz-Ronces moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20, arguing that insufficient evidence supported a finding that Ortiz-Ronces' driving privileges had been suspended. Finding otherwise, the court denied the motion. The jurors found Ortiz-Ronces guilty of aggravated DUI while under the influence and of aggravated DUI while under the influence with a BAC of 0.08 or higher, but not guilty of leaving the scene.

**¶8**　　　　The trial court conducted the sentencing hearing in compliance with Ortiz-Ronces' constitutional rights and Arizona Rule of Criminal Procedure 26. The court sentenced Ortiz-Ronces to concurrent terms of four months' imprisonment with 75 days of presentence incarceration credit and three years' supervised probation upon release

---

[1]　　　*Miranda v. Arizona*, 384 U.S. 436 (1966).

from prison. The court also imposed fines and administrative fees. Ortiz-Ronces timely appealed.

## DISCUSSION

**¶9**		We review Ortiz-Ronces' convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12, 260 P.3d 309, 312 (App. 2011). Counsel for Ortiz-Ronces has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Ortiz-Ronces was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Ortiz-Ronces' convictions and sentences.

**¶10**		Upon the filing of this decision, defense counsel shall inform Ortiz-Ronces of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Ortiz-Ronces shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶11**		For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4