NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER MICHAEL WHITE, *Appellant.*

No. 1 CA-CR 16-0454
FILED 10-12-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201501069
The Honorable Steven F. Conn, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Office of the Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**H O W E**, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Christopher White has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. White was convicted of possession of dangerous drugs for sale, a class 2 felony in violation of A.R.S. § 13–3407, and possession of drug paraphernalia, a class 6 felony in violation of A.R.S. § 13–3415. White was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm White's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against White. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3 One night in September 2015, a Mohave County Sheriff's deputy saw a car traveling on John L Avenue, and he witnessed the car stop in the intersection past the stop line. The car then made a sharp turn past the deputy, and the deputy conducted a traffic stop. The deputy saw that four people were in the car and that White was sitting in the rear right seat. As he approached the car, the deputy saw White frantically moving around, which made the deputy feel uncomfortable. The deputy spoke to the driver and asked for consent to search the vehicle. The driver replied that the car was not hers, but she gave consent to the search. Another deputy arrived and they searched the car.

¶4 During the search, the deputies did not find any contraband in the front seat area. They did, however, find contraband where White was sitting. They found a black nylon camera bag, which contained a white crystalline substance, numerous zip-lock baggies, and a digital scale with white residue on it. The deputies, however, did not see any drug deals take

place. The contraband items were sent to the Department of Public Safety crime laboratory. The Department found that the white substance tested positive for methamphetamine and weighed 23.5 grams. Subsequently, the State charged White with possession of dangerous drugs for sale and possession of drug paraphernalia.

¶5           At trial, a deputy with training and experience in drug interdiction explained typical circumstances for the use, sale, and street value of methamphetamine. He testified that the 23.5 grams of methamphetamine in this case was a "sellable quantity." The arresting deputy made an in-court identification of White. Additionally, the deputy testified that White was moving around frantically when the car was stopped and that White was in the seat where the deputies found the contraband. The State also admitted and played a recording of a Mohave County Jail telephone call White made to his father. In the recording, White told his father that he saw an easy way to make money and that he made an unwise decision. A Department fingerprint expert testified that she was not able to match any fingerprints from the contraband to White's fingerprints because the fingerprints did not leave enough details on the items. Afterwards, a Department drug forensic expert testified that the white substance in this case was methamphetamine. After the State rested its case-in-chief, White moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20, arguing that the State had failed to provide sufficient evidence to convince the jury that each element was proved beyond a reasonable doubt. The trial court denied the motion, and the jury found White guilty of both offenses.

¶6           The trial court conducted the sentencing hearing in compliance with White's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found no aggravating factors. The court found as mitigating factors that White had no prior drug conviction and that no evidence of actual drug sales existed. The trial court sentenced White to a mitigated eight-year prison sentence for possession of dangerous drugs for sale and a mitigated nine-month sentence for possession of drug paraphernalia, to be served concurrently. The court credited White with 288 days served and ordered a fine of $1,000.00 plus an 83 percent surcharge.

## DISCUSSION

**¶7**         We review White's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for White has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented White at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm White's convictions and sentences.

**¶8**         Upon the filing of this decision, defense counsel shall inform White of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). White shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶9**         For the foregoing reasons, we affirm.

