NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMIE KAY SKARO, *Appellant*.

No. 1 CA-CR 17-0005
FILED 10-26-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201600033
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Daniel DeRienzo, P.L.L.C., Prescott Valley
By Daniel J. DeRienzo
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1      This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Appellant, Jamie Kay Skaro, has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Skaro was convicted of possession of dangerous drugs for sale (methamphetamine), a Class 2 felony; possession of narcotic drugs (oxycodone), a Class 4 felony; possession of marijuana, a Class 6 felony; and possession of drug paraphernalia, a Class 6 felony. Skaro was given an opportunity to file a supplemental brief in propria persona, but she has not done so. After reviewing the record, we affirm Skaro's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

¶2      We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Skaro. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3      On January 6, 2016, Detectives Westbrook and Hopper were on patrol when they noticed a brown sedan circling the block, speeding, and failing to stop at a stop sign. They conducted a traffic stop, pulling the sedan over in what was later revealed to be Skaro's driveway, and identified Skaro as the driver. Detective Westbrook asked Skaro if she had anything illegal on her at that time, and she said yes and showed him a marijuana cigarette in her hand. He asked Skaro if she had anything else on her, and Skaro reached for her pocket and threw what was later revealed to be a stun gun into the trunk. The detectives then arrested Skaro.

¶4      As Detective Westbrook handcuffed Skaro, he noticed she had a methamphetamine pipe in her pocket and she kept trying to reach into another pocket in her coat. A search of the coat pocket revealed multiple baggies containing a white substance Detective Westbrook identified as methamphetamine. Skaro also admitted she had some pills in

her purse that belonged to a friend. In the purse, the detectives found multiple prescription bottles, one of which contained oxycodone and was registered to someone other than Skaro. After the detectives searched the vehicle, they asked if Skaro had anything illegal in her home, and Skaro said she had some marijuana on her nightstand. Skaro led Detective Westbrook to her bedroom, where he found marijuana and a surveillance monitor. The detectives then read Skaro her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). She confirmed the marijuana in her bedroom was hers, she had between an eighth and a quarter ounce of methamphetamine on her, and she had had the methamphetamine for two weeks.

**¶5**        Skaro was indicted for possession of dangerous drugs for sale (methamphetamine), a Class 2 felony; possession of narcotic drugs, a Class 4 felony; possession of marijuana, a Class 6 felony; and possession of drug paraphernalia (methamphetamine, narcotic drug, and marijuana), a Class 6 felony.

**¶6**        At trial, Skaro testified and made several admissions. First, she admitted she had methamphetamine on her person when she was pulled over and the methamphetamine was for her own use. Second, she admitted the marijuana was hers[1] and that she was in possession of the bottle of oxycodone when stopped, though she asserted she was returning the oxycodone to its owner when she was arrested.[2] Finally, she admitted the pipe in her pocket was a methamphetamine pipe and that she only consumed methamphetamine by smoking it.

**¶7**        Detectives Westbrook and Hopper testified as to their interactions with Skaro. Westbrook also testified as to indicators of drug sale versus use, stating surveillance cameras, having methamphetamine packaged out into separate baggies, and the weight of methamphetamine Skaro possessed were indicators of methamphetamine sale. He also stated the pipe found on Skaro contained white residue and burn marks that he identified as being indicative of methamphetamine use. Finally, a forensic scientist from the Arizona Department of Public Safety Crime Lab identified the baggies from Skaro's coat as containing methamphetamine,

---

[1]        Skaro asserted at trial that she had a medical marijuana card, but she did not present evidence of this card until sentencing.

[2]        Skaro never presented evidence, other than her own testimony, of the owner, however.

the bag from Skaro's bedroom as containing marijuana, and the prescription bottle as containing oxycodone.

¶8        After the two-day trial, a jury found Skaro guilty on all counts and found the State had proven the aggravating factor of committing the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.  Skaro moved for acquittal pursuant to Arizona Rule of Criminal Procedure ("Rule") 20, but the superior court denied the motion.

¶9        The superior court conducted the sentencing hearing in compliance with Skaro's constitutional rights and Rule 26.  As to count one, possession of dangerous drugs for sale (methamphetamine), a Class 2 felony, the court sentenced Skaro to an aggravated sentence of twelve years' imprisonment, non-dangerous, non-repetitive.  For possession of narcotic drugs (oxycodone), a Class 4 felony, the court sentenced Skaro to a mitigated sentence of 2.25 years' imprisonment, non-dangerous, repetitive, to run concurrently with the sentence imposed for count one.  For possession of marijuana, a Class 6 felony, the court sentenced Skaro with a mitigated sentence of .75 years' imprisonment, non-dangerous, repetitive, to run concurrently with the sentence imposed for count one.  For possession of drug paraphernalia, a Class 6 felony, the court sentenced Skaro to the mitigated sentence of .75 years' imprisonment, non-dangerous and repetitive, to run concurrently with the sentence imposed in count one.  It credited Skaro 181 days of presentence incarceration credit, sentenced Skaro to a seventeen-month term of community supervision to be served consecutive to Skaro's term of imprisonment, and ordered Skaro to pay several fines.[3]

¶10        Skaro timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S") sections 12-120.21(A)(1), 13-4031, and 13-4033.

**DISCUSSION**

¶11        We review Skaro's convictions and sentences for fundamental error.  *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).  Counsel for Skaro has advised this Court that after a diligent search of the entire record,

---

[3]        Count one: $1,000 plus 83% surcharge for a total of $1,830; count two: $2,000 plus 83% surcharge for a total of $3,660; count three: $750 plus 83% surcharge for a total of $1,372.50; probation assessment of $20; assessment fee of $13 pursuant to Arizona Revised Statutes ("A.R.S.") 12-116.04.

counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300.

**¶12** The record reflects Skaro received a fair trial. She was represented by counsel at all stages of the proceedings against her and present at all critical stages. The court held appropriate pretrial hearings. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of twelve members. The court properly instructed the jury on the elements of the charged crimes, the State's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict. The court received and considered a presentence report. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Skaro's convictions and sentences.

## CONCLUSION

**¶13** We have reviewed the entire record for reversible error and find none, therefore we affirm Skaro's convictions and sentences.

**¶14** Upon the filing of this decision, defense counsel shall inform Skaro of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Skaro shall have thirty days from the date of this decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review.

