NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL PACHECO, *Appellant.*

No. 1 CA-CR 16-0905
FILED 12-28-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-155711-001 DT
The Honorable Margaret M. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Kerri L. Chamberlin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Manuel Pacheco has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Pacheco was convicted of first-degree murder; Arizona Revised Statute ("A.R.S.") section 13-1105(A)(1). Pacheco was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Pacheco's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Pacheco. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3 In mid-November 2014, Pacheco came to believe that his cousin, the victim, had inappropriately touched his mentally challenged older brother, Jose. Pacheco searched for and found his father's gun, with a plan to kill the victim. On November 23, Pacheco biked to Los Olivos Car Wash where the victim worked, walked up to the victim, and shot and killed him. Witnesses described Pacheco's demeanor as determined, but otherwise calm. After shooting his cousin, Pacheco told witnesses to call the police, walked towards Central, and sat waiting until the police arrived. Pacheco waved down police, stated he shot the victim, and was arrested; a gun was found by him. Pacheco was interviewed and admitted he shot the victim. Pacheco was indicted on one count of first-degree murder.

¶4 At trial, the victim's coworkers and witnesses testified, identifying Pacheco as the shooter. Shell casings and bullet fragments recovered at the scene matched the gun and magazine found by Pacheco at the time of his arrest. Bullet fragments recovered from the victim's body also matched the type of gun, although the examiner could not match the fragments with the gun due to their condition. Pacheco presented a defense

that he shot the victim as justification. Pacheco's relatives testified that Pacheco shot the victim because the victim had sexually touched Pacheco's mentally challenged older brother, Jose. The detective who interviewed Jose stated that Jose never indicated he was touched inappropriately, and Pacheco's mother testified that she never saw anything inappropriate between the victim and Jose. The interviewing detective testified that Pacheco stated he could read minds, and that was how he determined the victim had inappropriately touched Jose. Jose testified that the morning of the incident, he had a conversation with Pacheco in his room before Pacheco left and that Pacheco told Jose he was going to shoot the victim. Due to his mental state, Jose had trouble testifying, but did reference that the victim would touch him inappropriately, although Jose also said that he believed if he said that the victim touched him then Pacheco would be able to go home. The jury was presented verdict forms for first-degree murder, second-degree, and manslaughter. At the close of trial, the jury returned a verdict of guilty as to first-degree murder.

¶5            The superior court conducted the sentencing hearing in compliance with Pacheco's constitutional rights and Arizona Rule of Criminal Procedure 26. The State submitted the following aggravating factors: that the offense involved a deadly weapon; the offense caused physical, emotional, or financial harm to the victim or his family; the offense involved lying in wait; and the offense involved domestic violence; all of which were found to be proven by the jury. Although the court recognized mitigating factors, the court properly sentenced Pacheco for natural life pursuant to A.R.S. § 13-752(A). Pacheco timely appealed.

## DISCUSSION

¶6            We review Pacheco's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Pacheco has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Pacheco at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Pacheco's conviction and sentence.

¶7            Upon the filing of this decision, defense counsel shall inform Pacheco of the status of the appeal and of his future options. Counsel has

no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Pacheco shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶8        For the foregoing reasons, we affirm Pacheco's conviction and sentence.

