NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ESAHIN MUNIZ-MUNGUIA, *Appellant.*

No. 1 CA-CR 16-0750
FILED 3-27-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-138820-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

**H O W E**, Judge:

**¶1**　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Esahin Muniz-Munguia has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Muniz-Munguia was convicted of two counts of aggravated DUI, both class 4 felonies, and one count of leaving an accident involving damage to a vehicle, a class 2 misdemeanor. Muniz-Munguia was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Muniz-Munguia's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　We view the facts in the lights most favorable to sustaining the judgment and resolve all reasonable inferences against Muniz-Munguia. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In May 2015, Muniz-Munguia lost control of his car, went over the median, and crashed into another car. After Muniz-Munguia's car came to stop, a witness saw three men exit the car. Two of them, including Muniz-Munguia, immediately ran away from the scene. The third man asked the witness if they needed to stay at the scene, and the witness replied yes and that the police were on their way. The third man then ran from the scene.

**¶3**　　　Officer Jason Stokes arrived at the scene and talked to the driver that Muniz-Munguia had collided into. He obtained a description of Muniz-Munguia and his direction of travel and then headed in that direction. At a trailer park about a half block away, Officer Stokes saw Muniz-Munguia, who matched the description he had received, weaving through trailers. Officer Stokes stopped Muniz-Munguia and observed that he seemed incoherent, had slurred speech, bloodshot eyes, and an odor of alcohol on his breath. Muniz-Munguia admitted that he was the owner and driver of the abandoned car involved in the crash and that he was coming from a party where he had been drinking alcohol. When asked for his

identification, Muniz-Munguia presented Officer Stokes with an Arizona identification card rather than a driver's license. Officer Stokes took Muniz-Munguia back to the scene of the crash, and both the other driver and witness identified him as the driver. For Muniz-Munguia's safety, Officer Stokes did not have him perform any field sobriety tests because he could not stand up very well. Officer Stokes subsequently arrested Muniz-Munguia for DUI and took him to a police station for processing.

¶4         Officer Keith Broughten conducted a breathalyzer test and drew a blood sample for later analysis. During this time, Muniz-Munguia admitted to Officer Broughten that he had been drinking, that he had been driving the car in the crash, and that his driver's license had been suspended. When Officer Broughten ran a check on Muniz-Munguia's license, however, the results said that his driving privileges were not suspended.

¶5         At trial, a forensic scientist for the Phoenix Police Crime Laboratory testified that she analyzed Muniz-Munguia's blood and concluded that it had a blood alcohol concentration ("BAC") of 0.170. She also testified that the scientific community asserts that all people are impaired to drive a car with a 0.08 BAC, regardless of a person's experience with alcohol.

¶6         An investigator and deputy custodian of records for the Motor Vehicle Division ("MVD") reviewed Muniz-Munguia's driving record and testified that Muniz-Munguia's license had been suspended three times before the crash. The suspensions occurred in October 2013, December 2013, and February 2014. The investigator also testified that the MVD sent letters to Muniz-Munguia's address notifying him of the suspensions and how to get his license reinstated. Muniz-Munguia did not address any of the suspensions by the time of the collision, however. The investigator further testified that Muniz-Munguia's driving record incorrectly listed his gender as female. He described the mistake as an unfortunate typo, but he asserted that the typo did not make the driving record any less credible.

¶7         The jury found Muniz-Munguia guilty on all three counts. The trial court conducted the sentencing hearing in compliance with Muniz-Munguia's constitutional rights and Arizona Rule of Criminal Procedure 26. The court sentenced Muniz-Munguia to four months in the Department of Corrections, followed by two years of supervised probation. The court awarded Muniz-Munguia with one day presentence

incarceration credit and ordered him to pay the applicable DUI fines, fees, and assessments. Muniz-Munguia timely appealed.

## DISCUSSION

**¶8**     We review Muniz-Munguia's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Muniz-Munguia has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Muniz-Munguia at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Muniz-Munguia's convictions and sentences.

**¶9**     Upon the filing of this decision, defense counsel shall inform Muniz-Munguia of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Muniz-Munguia shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶10**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA