NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN MARQUEZ LIRA, *Appellant.*

No. 1 CA-CR 18-0337
FILED 3-12-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2017-130341-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Steven Marquez Lira has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Lira was convicted of two class 4 felonies pursuant to Arizona Revised Statutes ("A.R.S.") section 28-1383(A)(1): one count of aggravated DUI with a suspended license; and one count of aggravated driving a vehicle with a blood-alcohol concentration greater than 0.08 percent with a suspended license. Lira was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. Finding no error upon reviewing the record, we affirm Lira's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Lira. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        One night in June 2017, Officer Borovac initiated a traffic stop after he observed Lira's truck with one broken taillight swerving back and forth within its lane. Officer Borovac testified that when he approached Lira's rolled-down driver window, he observed Lira's eyes were bloodshot and watery, Lira responded to questions with slurred speech, and an odor of alcohol emanated from the vehicle. Lira told Officer Borovac that he had consumed five beers prior to driving, and that his driver's license was suspended. Officer Borovac then administered field sobriety tests to Lira; the results of each such test indicated impairment. Officer Borovac arrested Lira for DUI, and shortly thereafter a blood test was administered to Lira pursuant to a warrant. The forensic toxicologist testified as to the chain of custody, and that Lira's blood-alcohol content was 0.197—over three times the legal limit.

¶4          Maria Carlon of the Arizona Department of Transportation Motor Vehicle Division testified that Lira had a suspended license on his date of arrest; that he had been notified of the suspension multiple times prior to that date; and that he was even personally served one such notice by a police officer.

¶5          After the State rested, Lira moved for acquittal pursuant to Arizona Rule of Criminal Procedure 20; the court denied the motion. Lira did not testify and did not otherwise present a defense. The court properly instructed the jury as to each count, and after closing arguments the case was presented to an eight-member jury which returned unanimous guilty verdicts as to both counts.

¶6          The court later sentenced Lira to serve five months in prison with two days' pre-incarceration credit, to be followed by four years' probation. The court further ordered Lira to pay a number of fees and penalties related to his probation and rehabilitation, including two DUI fines each totaling $1,372.50. Lira's fingerprint was affixed to the sentencing order before the court. Lira timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-0431, and -4033(a)(1).

**ANALYSIS**

¶7          We review Lira's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011) (citation omitted). Counsel for Lira has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Lira was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. Accordingly, we decline to order further briefing and affirm Lira's convictions and sentences.

¶8          Upon the filing of this decision, defense counsel shall inform Lira of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Lira shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶9      For the foregoing reasons, we affirm Lira's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA