NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEWIS NATHAN LARRABEE, *Appellant.*

No. 1 CA-CR 19-0343
FILED 4-30-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201701829
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James B. Morse joined.

---

**H O W E**, Judge:

¶1          This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Lewis Larrabee has advised this Court that she has found no arguable questions of law and asks us to search the record for fundamental error. Larrabee was convicted of aggravated assault, a class 4 felony. Larrabee was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Larrabee's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2          We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Larrabee. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In September 2017, E.S. drove his cement truck to a construction site in Mohave County. After arriving at the construction site, E.S. poured the cement from the truck and then asked Larrabee where he should wash out his truck. Larrabee told him, "I don't give a fuck where you wash out, just get the fuck out of my face."

¶3          E.S. moved his truck and started cleaning. After about a minute, Larrabee came over and yelled, "[w]hat the fuck are you doing washing down here?" E.S. asked Larrabee where he should go and Larrabee pointed to another spot three to five feet away. E.S. moved his truck and started cleaning again. As Larrabee walked by, E.S. asked him, "[w]hat have I done to you, man, for you to keep disrespecting me like this?" Larrabee replied, "[y]ou ain't seen disrespect yet." E.S. then asked, "[w]hat are you going to do?"

¶4          Larrabee punched E.S. in the face, breaking his nose. E.S. was knocked unconscious and fell to the ground. When he woke up Larrabee said, "[g]et up, get up" and "[o]h fuck, I broke your nose." E.S. was covered with blood and his nose was pushed to the left. He called his work and told them he needed help because he had just been assaulted. His work sent two

co-workers to the construction site, one to relieve him from his work and one to drive him to the hospital. E.S. eventually had reconstructive surgery to fix his nose.

¶5          E.S.'s work also called the police who interviewed Larrabee. Larrabee told police that he got into an argument with E.S. and that E.S. was being verbally aggressive and that he thought he might be assaulted by E.S. Larrabee admitted to police that he punched E.S. in the face.

¶6          The State charged Larrabee with aggravated assault, a class 4 felony. At trial, Larrabee admitted to punching E.S. but testified that he thought E.S. was going to hit him. Larrabee also testified that E.S. had yelled, "[d]o something" while moving toward him but admitted that E.S. never said he was going to hit him. After a two-day jury trial, Larrabee was convicted of aggravated assault. The court suspended the imposition of sentence for three years, placing him on three years' supervised probation. Larrabee timely appealed.

## DISCUSSION

¶7          We review Larrabee's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Larrabee has advised this Court that after a diligent search of the entire record, she has found no arguable question of law.

¶8          We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Larrabee at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Larrabee's conviction and sentence.

¶9          Upon the filing of this decision, defense counsel shall inform Larrabee of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Larrabee shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶10        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA