NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANDRE DEMONTE HOLMES, *Appellant*.

No. 1 CA-CR 20-0286
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-116326-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Andre Demonte Holmes has advised this Court that he has found no arguable questions of law and asks us to search the record for fundamental error. Holmes was convicted for possession of marijuana for sale, a Class 3 felony, and the sale or transportation of marijuana, a Class 2 felony. He was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Holmes's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Holmes. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In April of 2017, Mesa Police received a call about a car traveling with its trunk on fire. Police found the car parked at a Quik Trip with two men, including Holmes, and a woman standing on the passenger side of the vehicle. An officer contacted the driver, a Mr. Hobson, and attempted to get the three individuals to back away from the vehicle. Holmes and the woman travelled north away from the Quik Trip to a T-Mobile, dragging a charred, black case, while Hobson stayed with the vehicle. Firefighters arrived and extinguished the fire. The firefighters opened the trunk and found nothing in it.

¶3 Additional officers arrived and conducted an area-check for Holmes and the woman to ensure their safety and have them answer any questions. An officer found the woman sitting on a curb at the entrance of Starbuck's drive through next to a T-Mobile store. Holmes emerged from a nearby transformer box, where an officer subsequently found the charred, black case and a black backpack. The officer asked Holmes and the woman if the case and backpack belonged to them and they both denied ownership. The officer considered the case abandoned, opened it, and found seven

pounds of a leafy, green substance he recognized as marijuana inside the case. The officer handcuffed Holmes and the woman.

¶4 Another officer went into the T-Mobile store and retrieved a cell phone that had been left by Holmes. The officer asked Holmes if the phone belonged to him and he said that it did. With his consent, the officer examined the phone and found several, recent text messages related to the acquisition and sale of marijuana. A grand jury indicted Holmes for the possession of marijuana for sale and the sale or transportation of marijuana. The State further alleged aggravating circumstances and that Holmes had historical prior convictions.

¶5 At trial, officers identified Holmes, his phone, the charred, black case, and the green, leafy substance. A forensic scientist with the City of Mesa Forensic Services analyzed a little more than half of the leafy, green substance found in the case and determined that it was marijuana totaling 3.45 pounds. An expert in drug trafficking testified to the type of marijuana in the case and that the slang used in the text messages on Holmes's phone meant that the marijuana in the case was possessed for sale.

¶6 At the close of the state's case in chief, Holmes moved for a judgment of acquittal, which was denied. The defense rested its case in chief, calling no witnesses. The court gave the jury instructions and the jury convicted Holmes of possession of marijuana for sale and sale or transport of marijuana, finding the amount of marijuana that defendant possessed for sale and that he transported to be "two pounds, but not more than four pounds." In the subsequent aggravation proceeding, the jury found that the state had proved that Holmes committed "the offenses in consideration for receipt or in the expectation of the receipt of anything of pecuniary value" and found the value of the "marijuana involved [to be] $10,300."

¶7 The court held a trial for the prior convictions. Based on the documentary evidence and testimony presented, the trial court found that Appellant had been convicted of two previous felonies. The court subsequently sentenced Holmes to presumptive prison terms of 6.5 years' imprisonment for the possession of marijuana for sale conviction and 9.25 years' imprisonment for the sale or transportation of marijuana conviction. The court credited each sentence with 1,086 days of presentence incarceration time and ordered the terms to run concurrently with each other and with additional prison terms imposed in CR2017-123796 and CR2017-005607, cases independent to the jury convictions in which Holmes had plead guilty. The court also ordered Holmes to pay a drug offense fine with a surcharge totaling $33,165. Holmes timely appeals.

## DISCUSSION

**¶8**        We review Holmes's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Holmes has advised this Court that after a diligent search of the entire record, he has found no arguable question of law.

**¶9**        We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the Rules of Evidence for Courts in the State of Arizona. Holmes was represented by counsel through trial and sentencing. The sentence imposed was within the statutory guidelines. We decline to order further briefing and affirm Holmes's conviction and sentence.

**¶10**        Upon the filing of this decision, defense counsel shall inform Holmes of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Holmes shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶11**        For the foregoing reasons, we affirm.

