NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HARONERE WILTRON ARREOLA, *Appellant*.

No. 1 CA-CR 22-0567
FILED 10-24-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202000340
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Judge Jennifer M. Perkins and Judge Daniel J. Kiley joined.

H O W E, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Arreola has advised this court that she has found no arguable questions of law and asks us to search the record for fundamental error. Following a bench trial, Arreola was convicted of theft and trafficking of stolen property, sentenced to a term of 11 years' imprisonment, and ordered to pay restitution. Having been given the opportunity to file a supplemental brief in propria persona, Arreola has elected not to do so. After reviewing the record, we affirm his convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Arreola. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). Arreola is a member of the Bulldogs, a California street gang, and uses the street name "Kaotic." He had served time in Soledad Prison for crimes committed in California. He has a Facebook account where he uses his first and last name.

¶3        Kingman Turquoise is a family-owned business that deals in all things turquoise. For over 60 years, the Colbaugh family has supervised the mining, processing, and sale of raw and finished turquoise. Much of their turquoise is pressed into bricks and sold to companies that then use the turquoise in their products; other stones are processed into beads and sold by the strand.

¶4        On the night of October 2, 2019, the business's alarm triggered. The Colbaughs rushed to their store, calling the police after seeing their front door damaged. Upon surveying the damage, the owners discovered that several five-gallon buckets full of turquoise bricks and several turquoise bead strands were missing. Surveillance cameras showed three people breaking down the door and making an organized run on the wares. Their faces were not visible, covered by pulled-up hoodies or masks.

The incident began and ended within three minutes, during which the robbers took an estimated $82,500 worth of turquoise.

¶5            A few weeks later, a Facebook user going by the name "Kay Will" posted some photos of turquoise to a Facebook page called "FB Rock Shop." In his post, Will claimed to have "acquired a variety of high-grade turquoise through a private claim in Arizona," and that anyone "serious about purchasing" the turquoise "should contact [him] on Facebook." One of the Colbaughs' acquaintances saw the post and brought it to the business owners' attention. From the photos in the post, the Colbaughs identified Will's wares as their stolen turquoise. They contacted the police for investigation.

¶6            The police looked into Kay Will and found that the person in the account's profile picture and other photographs was, in fact, Arreola. The police issued search warrants for both the Kay Will and Arreola accounts. From the results of that search, the police concluded that Kay Will was Arreola's alias, and a grand jury subsequently indicted him for theft and trafficking in stolen property.

¶7            Arreola waived his right to a jury trial, and stipulated that, if convicted, he would face a sentencing range of 7 to 11 years' imprisonment. Arreola's main defense was that the State could not prove that Will was in fact Arreola and not an impostor. He moved in limine to preclude the use of Kay Will's Facebook posts and messages as hearsay. The State argued that Arreola authored the posts and messages, making them party admissions. The trial judge ruled that the State could present the Facebook evidence, and that if he was unconvinced of Kay Will's identity, he would disregard the evidence as hearsay. Throughout the bench trial, Arreola continued to renew his objection to the Facebook posts and messages but was overruled.

¶8            At trial, the State used various evidence to show that Kay Will and Arreola were the same person. In Will's messages, he referred to himself as "Chaotic" or "Chotic," Arreola's street name. He also referred to "doing time" in Soledad Prison, and both accounts used Arreola's pictures. The State suggested a theory of the origin of Will's name: "Kay" came from "Kaotic," and "Will" came from Wiltron, Arreola's middle name. The State also offered in evidence a July 2019 post of Will sharing a photo of a California inmate card bearing the name Haronere Arreola. A friend commented "Don't go back," to which Will replied "I won't if u help me stay out of trouble!!" The trial court found this "very compelling evidence that in fact the defendant is Kay Will," and found him guilty of theft in

excess of $25,000, a class two felony, and trafficking of stolen property, a class three felony.

¶9 At the sentencing hearing, the trial court found as aggravating circumstances Arreola's felony conviction within the previous 10 years, motivation of pecuniary gain, and financial harm to the victim. The court found as mitigating circumstances Arreola's drug use and mental health history. The court ultimately sentenced Arreola to aggravated, concurrent terms of 11 years' imprisonment for each offense, with 337 days' presentence incarceration credit. The parties later stipulated that Arreola would pay restitution for Kingman Turquoise's insurance company's loss. Arreola timely appealed.

## DISCUSSION

¶10 We review Arreola's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Arreola has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, the Arizona Rules of Evidence, and constitutional requirements. So far as the record reveals, counsel represented Arreola at all stages of the proceedings, and the sentences imposed complied with the statutory guidelines and the parties' earlier stipulation. We decline to order briefing and affirm Arreola's convictions and sentences.

¶11 Upon the filing of this decision, defense counsel shall inform Arreola of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Arreola shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶12 We affirm.

