NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEREMIAH RAY MARTIN, *Appellant.*

No. 1 CA-CR 23-0535

FILED 02-13-2025

Appeal from the Superior Court in Yavapai County
No. P1300CR202101315
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

**B A I L E Y**, Judge:

¶1　　　　Jeremiah Ray Martin appeals his convictions and sentences for four counts of child molestation, one count of sexual conduct with a minor, and one count of attempt to commit sexual conduct with a minor. Counsel for Martin has filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this court that counsel has found no "error worthy of bringing forth an [a]ppeal" and asking us to search the record for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567–69, ¶¶ 19–26 (2005); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). Martin was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Martin's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　We review the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Martin. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3　　　　In September 2021, a grand jury indicted Martin on two counts for acts that occurred roughly between April 2017 and January 2019: Count One, molestation of a child, and Count Two, sexual conduct with a minor, each a class 2 felony and a dangerous crime against children. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1410(A), -1405(A). The State later obtained a supervening grand jury indictment on the original two charges and the following additional charges: Counts Three, Four, and Six, molestation of a child, each a class 2 felony and a dangerous crime against children, and Count Five, attempt to commit sexual conduct with a minor, a class 3 felony and a dangerous crime against children. *See* A.R.S. §§ 13-1410(A), -1405(A), -1001(A)(2), (C)(2).

¶4　　　　The evidence presented at trial included the following: Martin is the victim's father. He lived in a 28-foot-wide trailer with the victim's mother, the victim and the victim's younger sister. The victim testified that Martin began sexually abusing her when she was about nine or ten years old. She described six occurrences of abuse: Martin touched her vagina with his penis, touched her vagina with his mouth, had her masturbate him using her hand, attempted to put his penis in her mouth and touched her vagina with his hand on at least two occasions. The victim's sister also testified that she had seen Martin touch the victim's

vagina with his hand. Martin testified and denied any abuse had taken place.

**¶5** The jury found Martin guilty on all counts. The superior court sentenced him to consecutive prison terms on each count: the presumptive 17 calendar years on Counts One, Three, Four, and Six, the presumptive 20 calendar years on Count Two, and the presumptive 10 years on Count Five. *See* A.R.S. § 13-705(C), (F), (M), (P). The court credited Martin for 93 days of presentence incarceration on Count One.

**¶6** We have jurisdiction over Martin's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶7** After reviewing counsel's brief, we have searched the entire record for reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. We have found no error, much less reversible error. Martin was represented by counsel at all stages of the proceedings, which were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Martin's convictions are supported by substantial evidence, and the superior court permitted Martin to speak at sentencing and imposed sentences within the statutory limits.

**¶8** Upon the filing of this decision, appellate counsel is directed to inform Martin of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Martin will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9** We affirm Martin's convictions and sentences.

