NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSE ALLEN VILLASAEZ, *Appellant.*

No. 1 CA-CR 24-0056
FILED 02-18-2025
Amended per order filed 02-18-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-122997-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Mathew O. Brown
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Jesse Allen Villasaez has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Villasaez was convicted of one count of drive by shooting, two counts of aggravated assault, and one count of unlawful discharge of a firearm. Villasaez was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm his convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Villasaez. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶3**　　　　On June 20, 2021, a bouncer, A.H., and two off-duty but uniformed Phoenix police officers, A.R. and F.V., were working security at a bar. That night, the bar told the officers to order Villasaez to leave the property.

**¶4**　　　　Villasaez did not leave the property but instead sat in his truck in the parking lot. After several minutes passed, A.R. and F.V. approached the truck and told Villasaez he needed to leave the lot. Villasaez responded that he was calling an Uber, and the officers gave him ten minutes to do so.

**¶5**　　　　After the officers returned to the front of the bar, Villasaez slowly drove past them, missed the exit from the lot, and turned behind the bar. A.R. and F.V. then walked around the bar to investigate. A.H. had also walked around to the back of the bar to take out trash and stood right

behind A.R. By this point, Villasaez was driving back toward the bar and the officers.

**¶6**        When Villasaez was approximately ten feet from A.R., he fired approximately five to seven shots in A.R.'s and A.H.'s direction, striking the bar's wall above their heads. The officers returned fire, and Villasaez drove off from the parking lot, firing two more shots.

**¶7**        Other officers tracked Villasaez's vehicle to his house, where they arrested him. They found bullet casings, holes, ammunition, and a firearm in the vehicle. A search of Villasaez's phone revealed a text message from Villasaez stating, "I shot at cops."

**¶8**        The State charged Villasaez with one count of drive by shooting, a class 2 dangerous felony, *see* A.R.S. § 13-1209, two counts of aggravated assault upon A.R. and A.H., class 2 and 3 dangerous felonies respectively, *see* A.R.S. §§ 13-1203, -1204, and one count of unlawful discharge of a firearm, a class 6 felony, *see* A.R.S. § 13-3107.

**¶9**        At trial, A.R. testified that he made eye contact with Villasaez as they were both firing. He also testified that he was in fear of his life. F.V. testified that he saw Villasaez holding a handgun and firing in A.R.'s direction and that he feared for A.R.'s life. A.H. testified that Villasaez locked his eyes on A.R. and A.H. when he began firing. He further testified that he feared he was going to be shot and felt drywall fall on him from the building.

**¶10**        A jury convicted Villasaez of all counts. During the aggravation phase, the State alleged the drive by shooting and aggravated assault counts were dangerous offenses, *see* A.R.S. § 13-704, and were aggravated by the threatened infliction of serious physical injury and by emotional harm to the victims, *see* A.R.S. § 13-701. The jury found both dangerousness and aggravated circumstances for all three counts.

**¶11**        At sentencing, both Villasaez's cousin and brother addressed the court, speaking about his character and family support. The court considered this family support and the absence of physical injury as mitigating factors but the multiple victims and potential for harm as aggravating factors. It sentenced Villasaez to concurrent but slightly aggravated terms of 12 years' imprisonment for drive by shooting and the aggravated assault upon A.R., 9 years' imprisonment for the aggravated assault upon A.H., and 1.5 years' imprisonment for unlawful discharge of a firearm. It also gave Villasaez 205 days of incarceration credit.

¶12    Villasaez timely filed a notice of appeal. We have jurisdiction. A.R.S. § 12-120.21(A)(1), 13-4031, -4033(A)(3).

## DISCUSSION

¶13    We review Villasaez's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Villasaez has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Villasaez at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Villasaez's convictions and sentences.

¶14    Upon the filing of this decision, defense counsel shall inform Villasaez of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Villasaez shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶15    For the foregoing reasons, we affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:    sls