NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARIO WILLIAM FRAGASSI, *Appellant.*

No. 1 CA-CR 25-0048

FILED 11-03-2025

Appeal from the Superior Court in Mohave County
No. CR-2024-00231
The Honorable Billy K. Sipe, Jr., Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

**F U R U Y A**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Mario William Fragassi has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Fragassi was convicted of one count of Misconduct Involving Weapons, a Class 4 felony. Fragassi was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, we affirm Fragassi's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Fragassi. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3        In November 2023, law enforcement executed a search warrant on Fragassi's residence, where he lived with his parents in his own room with a separate entrance. When law enforcement searched Fragassi's living area, they discovered two firearms. At the time of the incident, Fragassi was a prohibited possessor due to his multiple prior felony convictions. Because the law enforcement officers knew of Fragassi's prior convictions, Fragassi was arrested, and the guns were taken into evidence.

¶4        Fragassi was charged with one count of Misconduct Involving Weapons, a Class 4 felony, for "knowingly possessing a deadly weapon while a prohibited possessor."[1] Fragassi's indictment was later amended to include that he was a repetitive offender with multiple prior felony convictions. The trial court held a jury trial.

---

[1]        Fragassi was also initially charged with Possession of Drug Paraphernalia. But this charge was ultimately dismissed on motion filed by the State.

¶5             Fragassi argued at trial that the State's evidence was insufficient. He maintained that although the firearms were found in his residence, he did not have any knowledge of them and therefore, did not "knowingly possess" them. Fragassi subsequently moved for a judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure ("Rules"), and the trial court denied this motion.

¶6             Following presentation of the case, closing arguments, proper instruction to the jury, and deliberation, the jury found Fragassi guilty of Misconduct Involving Weapons. The trial court conducted the sentencing hearing in compliance with Fragassi's constitutional rights and Rule 26. The trial court adjudged Fragassi guilty on January 17, 2025, and imposed a presumptive sentence of ten years with the Arizona Department of Corrections.

¶7             Fragassi timely appealed. We have jurisdiction pursuant to A.R.S. Section 12-120.21(A)(1).

## DISCUSSION

¶8             We review Fragassi's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Fragassi has advised that after a diligent search of the entire record, counsel has found no arguable questions of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the applicable Rules.  So far as the record reveals, counsel represented Fragassi at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Fragassi's conviction and sentence.

¶9             Upon the filing of this decision, defense counsel shall inform Fragassi of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Fragassi shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶10        For the foregoing reasons, we affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR