NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SERGIO GERARDO RODRIGUEZ, *Appellant.*

No. 1 CA-CR 25-0003

FILED 06-05-2026

Appeal from the Superior Court in Maricopa County
No.  CR2023-127673-002
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

**¶1**　　　　Sergio Gerardo Rodriguez appeals his convictions and sentences for possession of dangerous drugs for sale, possession or use of dangerous drugs, possession or use of narcotic drugs, misconduct involving weapons, and unlawful flight from a law enforcement vehicle. Counsel for Rodriguez filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us that counsel found no errors or arguable questions of law and asking us to search the record for fundamental, reversible error. *See State v. Henderson*, 210 Ariz. 561, 567-69, ¶¶ 19-26 (2005); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating this court reviews the entire record for reversible error). Rodriguez was given the opportunity to file a pro se supplemental brief; he has not done so. After reviewing the record, we affirm Rodriguez's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Rodriguez. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**　　　　One day in June 2023, Officer Silvia, an undercover police officer, began watching Rodriguez's house after receiving information that drug sales may be occurring there. He observed people arriving at Rodriguez's house, leaving, going into the nearby alley, and taking out drug paraphernalia to ingest drugs. He then saw Rodriguez leave the house and drive away in a Hyundai. Other police units followed the vehicle and attempted to initiate a traffic stop, but Rodriguez fled. Soon after, Officer Silvia saw the Hyundai drive back down the street "at a high rate of speed," pull back into the house's driveway, and come to "a skidding stop." He then saw Rodriguez "exit the driver's seat and run into the front door." A few minutes later, Rodriguez moved a different vehicle in the driveway to block the view of the Hyundai from the main road.

¶4          Rodriguez then went back inside the house for about an hour before again driving away, this time in a Nissan. Officer Silvia and a few other officers followed. The officers waited for Rodiguez to park the vehicle and walk away, at which point they took him into custody. Two officers searched Rodriguez and found methamphetamine in his pants pocket. In an interview with Officer Silvia, Rodriguez admitted he had fled from law enforcement earlier in the day because he had a firearm in his vehicle.

¶5          The officers obtained a search warrant for the Hyundai, the Nissan, and Rodriguez's house. The vehicle searches revealed tin foil with four fentanyl pills in the Hyundai's glove compartment, and methamphetamine beneath a blanket in the Nissan's front passenger area. In Rodriguez's bedroom, the officers found the firearm Rodriguez had previously described, methamphetamine, 27 fentanyl pills, digital scales, packaging material, and drug paraphernalia including tin foil, straws, and glass pipes.

¶6          A grand jury indicted Rodriguez on six counts: Count One, possession of dangerous drugs for sale; Count Two, possession or use of dangerous drugs; Count 3, possession or use of narcotic drugs; Count 4, misconduct involving weapons; Count 5, misconduct involving weapons; and Count 6, unlawful flight from a law enforcement vehicle. Before trial, the court granted the State's oral motion to sever Count 4, and the jury convicted Rodriguez on the remaining five counts. The court sentenced Rodriguez to concurrent prison terms of 10 years on Count 1; 4.5 years on each of Counts 2, 3, and 5; and 2.25 years on Count 6, with 79 days of presentence incarceration credit.

¶7          We have jurisdiction over Rodriguez's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033.

**DISCUSSION**

¶8          The court has reviewed and considered counsel's brief. The court has searched the entire record for reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. Searching the record and reviewing the briefs reveals no reversible error.

¶9          We note that Rodriguez was not present on the first day of trial. However, his counsel orally moved to waive his presence in compliance with Arizona Rule of Criminal Procedure 9.1. We also note that Rodriguez left after lunch on trial day six and did not return on trial day seven, despite his lawyer calling and texting him multiple times. Rodriguez

thus voluntarily waived his presence for the remainder of the trial. We finally note that though Rodriguez failed to appear on the day originally set for sentencing, the court rescheduled the sentencing hearing, and he appeared on the rescheduled date. Rodriguez was present at all other critical stages.

¶10 The record shows Rodriguez was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits.

## CONCLUSION

¶11 For the reasons stated herein, we affirm Rodriguez's convictions and sentences.

¶12 Upon the filing of this decision, defense counsel is directed to inform Rodriguez of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Rodriguez shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). On the court's own motion, Rodriguez has 30 days from the date of this decision to file a motion for reconsideration. *See* Ariz. R. Crim. P. 31.20(c).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR